## HYGIENIC CHEMICAL CO. v. PROVIDENT CHEMICAL WORKS.

(Circuit Court of Appeals, Second Circuit. February 8, 1910.)

No. 142.

1. INDEMNITY (§ 1*)—CONTRACTS (§ '206*)—CONSTRUCTION—AGREEMENT TO SHARE IN COST AND EXPENSE OF DEFENDING SUIT—"COST."

An agreement between two parties, each threatened with suit for infringement of a patent, that they would join in the defense of any suit or suits brought against them for such infringement, "the cost and expense of such defenses to be equally borne by the parties hereto," was not a contract of indemnity, and did not entitle one party, against whom suit was brought and which made an unsuccessful defense, to recover from the other one-half the amount of the costs which were taxed against it in favor of the complainant as a part of the judgment recovered; the word "cost," as used in the agreement, having a different meaning from "costs," and the costs so taxed being no part of the "cost and expense" of the defense.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. § 1; Dec. Dig. § 1;* Contracts, Cent. Dig. § 843; Dec. Dig. § 206.*

For other definitions, see Words and Phrases, vol. 2, pp. 1631, 1632.]

2. CONTRACTS (§ 206*)—CONSTRUCTION—AGREEMENT TO SHARE IN EXPENSE OF DEFENDING PATENT SUIT.

Two parties, each charged with infringement of a patent, being desirous of co-operating in testing its validity, entered into an agreement to share equally the cost and expense of defending any suit brought against either. Suit was brought against one, and both contributed to the defense; the result being that the patent was adjudged valid. *Held*, that the purpose of the contract had been fulfilled, and that the defendant in that suit could not be held liable for one-half the cost of defending a subsequent suit against the other; the only question open to litigation being that of infringement.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 843; Dec. Dig. § 206.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

Action by the Provident Chemical Works against the Hygienic Chemical Company. Judgment for plaintiff (170 Fed. 523), and defendant brings error. Reversed in part.

In the following statement and opinion the parties are designated as in the Circuit Court. The plaintiff and the defendant are both corporations engaged in the drug and chemical trade. The Rumford Chemical Works is a corpora-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion carrying on a similar business and claiming to own a certain patent, known as the "Catlin patent," for manufacturing granular phosphate. Prior to May 17, 1900, said Rumford Chemical Works claimed that the plaintiff and the defendant were infringing said patent and threatened suits against them and their customers. The plaintiff and the defendant, upon the advice of counsel, decided to test the validity of said patent, and for that purpose on said May 17, 1900, entered into the written agreement which is printed in full in the footnote,[1] but the especially relevant clause of which reads as follows: "The cost and expense of such defenses to be equally borne by the parties hereto."

About June 15, 1900, a suit for the infringement of said patent was brought by said Rumford Chemical Works against the present plaintiff, and it was. defended by the attorneys appointed in pursuance of said agreement. Such suit was tried in the Circuit Court for the Southern District of New York (Rumford Chemical Co. v. New York Baking Powder Co. et al., 125 Fed. 231), and was appealed from a decision therein dismissing the bill to this court, which reversed the decision of the Circuit Court and sustained the validity of said patent (134 Fed. 385, 67 C. C. A. 367). An application was made to the Supreme Court of the United States for a writ of certiorari to review the decision of this court, and such application was denied (195 U. S. 635, 25 Sup. Ct. 792, 49 L. Ed. 354). All the expenses connected with said suit have been paid by the parties to said agreement as therein provided, except as follows: The defendant has failed to pay its share of $312.90 for attorney's fees in the matter of retaxation of costs, and it is conceded that the judgment to the extent that it includes one-half of said sum, viz., $156.45, is correct; also, assuming that the costs taxed and awarded in said suit are a part of the "cost and expense" of the defense thereof, the defendant has not paid its proportion of the same. These taxable costs amount to $4,646.46, and the plaintiff seeks to recover in this action one-half the amount thereof, viz., $2,323.23, with interest.

About August 2, 1904, and subsequent to the decision of this court in the suit against the present plaintiff sustaining the validity of said patent, said Rumford Chemical Works brought a suit against the present defendant, charging the infringement of said patent, and alleging that the defendant, by participating in the defense of said first suit, became bound by the decision therein. Upon the evidence presented the Circuit Court dismissed the bill; but upon appeal this court reversed the decree of the Circuit Court, held that the defendant was privy to said first suit and that infringement was established,

---

[1] Memorandum of agreement, made this 17th day of May, 1900, by and between the Provident Chemical Works, a corporation, of St. Louis, Missouri, and the Hygienic Chemical Co., a corporation of New York, Witnesseth:

Whereas the Rumford Chemical Works claims to be the owner of letters patent No. 474,811, dated May 17th, 1892, and further claims that the parties hereto and their respective customers and consumers are infringing said letters patent; and,

Whereas, the parties hereto are desirous of joining and co-operating for their mutual interests and protection herein:

Now, therefore, it is agreed between them as follows:

First. That any and all suits brought by said Rumford Chemical Works, its successors or assigns, under the said letters patent against the parties hereto, or any of their said customers and consumers, shall be fully and faithfully defended, as follows: If brought against any person or persons, firms or corporations, resident west of the Mississippi river or in the states of Wisconsin, Illinois, Mississippi, and Tennessee, the same shall be defended under the supervision of the said Provident Chemical Works through attorneys appointed by it: and if brought against a resident of any other of the United States the same shall be defended under the supervision of said Hygienic Chemical Company through attorneys appointed by it; the cost and expense of such defenses to be equally borne by the parties hereto.

Second. It is further distinctly understood and agreed that no settlement or agreement of any kind shall be entered into by either of the parties hereto with said Rumford Chemical Works, its successors or assigns in relation to such suits or said letters patent without the consent of the other party hereto in writing first obtained thereto.

Third. It is further agreed that the parties hereto shall give to each other immediate notice of any actions brought, or of any expense incurred from time to time.

In witness whereof, the parties have hereunto set their hands and seals the day and year first above mentioned. Provident Chemical Works,
F. E. Udell, Pres't. [Seal.]
Hygienic Chemical Co.,
J. E. Heller, Pres't. [Seal.]

In presence of Felix Jellenix.

and directed a decree for the plaintiff. 159 Fed. 436, 86 C. C. A. 416. On writ of certiorari, however, the Supreme Court of the United States held that the evidence presented was insufficient to show that the defendant was privy to said first suit, and, consequently, that the only evidence showing infringement —a deposition in the first suit—was inadmissible. Therefore the Supreme Court reversed the decree of this court. 215 U. S. 156, 30 Sup. Ct. 45, 54 L. Ed. ——.

After the decision of this court in the first-mentioned suit, the plaintiff herein notified the defendant that it would not be liable for any further costs or expenses connected with litigation between the Rumford Chemical Works and the defendant, upon the ground that the validity of said patent had been adjudged and that the defendant was bound by the decision. The defendant, however, denied that the plaintiff had any right to give such notice, and insisted that it would hold the plaintiff to said agreement of May 17, 1900. The defendant expended $2,065.83 for attorney's fees and disbursements in the defense of said second suit subsequently to the entry of the final decision of this court sustaining the validity of said patent, and in its counterclaim in this action seeks to recover from the plaintiff one-half the amount thereof, viz., $1,032.91. This action was tried upon an agreed statement of facts by the Circuit Court, which rendered a judgment for the plaintiff for the full amount of its demand, but dismissed the defendant's counterclaim upon the merits.

Jellenik & Stern (Nathan D. Stern, of counsel), for plaintiff in error.

Gardenhire & Jetmore (A. P. Jetmore, of counsel), for defendant in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). The first question in this case is whether the obligation of the defendant, under its agreement to defend suits and to bear equally with the plaintiff "the cost and expense of such defenses," required it to pay one-half the costs which the decree adjudged that the Rumford Chemical Works should recover from the plaintiff. If the agreement relates only to the cost and expense actually incurred in the conduct of the defense to the suit, it manifestly does not include these taxable costs. On the other hand, if the agreement amounts to an indemnity contract, it may embrace them.

We are unable to construe the agreement as one of indemnity. Suits were threatened against both the parties. If they had not defended jointly, they would have been obliged to defend separately or else default. They were "desirous of joining and co-operating for their mutual interest and protection." They undoubtedly believed that by aiding each other the suits could be more economically and successfully defended. They entered into a defensive alliance. But they were not voluntarily undertaking a joint venture. Considering the agreement as a whole, we see nothing in it to indicate an intention to assume each other's burdens—to pay jointly a decree for damages, profits, and costs, or any item thereof, which might result from an unsuccessful defense.

Nor is the clause in question, taken by itself, one of indemnity. It strains the words "cost and expense of such defenses" to hold that they embrace a judgment for costs rendered after the defenses have been concluded. The amount of the judgment rendered in an action is hardly a part of the expense of defending such action. The words

"cost" and "costs" do not always mean the same thing. The word "cost" and the phrase "taxable costs" generally have quite different meanings. "Cost" may be considered as synonymous with "expense." "Taxable costs" are allowances made to the successful party to reimburse him for his disbursements made in prosecuting or defending a suit. But to the unsuccessful party they are of the same nature as the damages awarded against him. He pays them because they are an incident to the judgment, not because they are any part of the expenses of his own defense.

But it is urged that the taxed costs should in this case be treated as a part of the expense of the defense, for the reason that, if there had been no defense, there would have been no costs. This reason is not entirely true. Some costs would have been taxed against the defendant, had no defense been interposed. And, if true, it cannot be regarded as a good reason. There is no ground for assuming that, in the absence of any agreement with the defendant the plaintiff would have permitted the Rumford Chemical Works to take a decree pro confesso against it. It cannot be said that suits would not have been separately defended if the agreement for mutual assistance had not been entered into.

For these reasons, we think that the trial court erred in rendering judgment for the plaintiff to recover one-half of the decree for costs.

The next inquiry relates to the defendant's counterclaim. The evident object of the agreement was that the parties should unite in the defense of suits, so as to test the validity of the patent. When the test suit had been decided by this court, and certiorari had been denied by the Supreme Court, we think that the contract did not contemplate new and further litigation. Its purpose had been fulfilled. There was no reason why the plaintiff should have borne any part of the subsequent expense in the second suit of trying the question whether the defendant had made or sold the infringing article.

But the defendant apparently contends that the recent decision of the Supreme Court of the United States in the second suit affords ground for the claim that the defendant was not bound by the decision of this court in the test suit, and could try the question of the validity of the patent on its own account. We do not so interpret that decision. It was wholly based upon the insufficiency of the evidence actually offered to show privity, and the Supreme Court intimated that, had the testimony in this case been present, its conclusion would have been different. And in view of the terms of the agreement in question, it is impossible to see why the defendant was not bound by the decree in the test case. It participated in, contributed to the expenses of, and had full right of control over, such litigation. The decision of the Circuit Court in dismissing the counterclaim was right.

The judgment of the Circuit Court in favor of the plaintiff is modified, by reducing it to $156.45, with interest from February 1, 1905, and costs, and, as so modified, is affirmed, without costs in this court.