## LEARY ET AL., ADMINISTRATORS OF LEARY, *v.* UNITED STATES.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE FOURTH CIRCUIT.

No. 314.   Argued April 30, 1920.—Decided May 17, 1920.

L went bail for G in a federal prosecution, upon an understanding that a fund standing in certain securities should be held for his indemnification, and not knowing that it represented moneys of which G had defrauded the United States through the crimes charged in the indictment; and, upon G's default, suffered judgment on the bond, which was paid by his estate. (See *s. c.* 224 U. S. 567; 245 U. S. 1.)

*Held:* (1) That since the duty to pay the judgment was absolute, L's estate was not entitled to be reimbursed out of the fund for the expense of defending against proceedings by the United States in the Surrogate Court to secure payment of its judgment.   P. 95.

(2) That, since the upholding of L's claim of indemnity against the United States could not have been contemplated in L's agreement and he have the status of *bona fide* purchaser upon which his paramount equity depended, the expense of establishing and protecting the claim in the suit by which the Government impounded the fund could be charged against the fund only as costs, which would be inadmissible, the United States not being liable to costs directly or indirectly.   P. 97.

(3) That, in allowing L's estate the amount paid on the judgment on the bail bond, with interest, the District Court properly deducted the clerk's poundage of 1 per cent. under Rev. Stats., § 828.   P. 95.

257 Fed. Rep. 246, affirmed.

THE case is stated in the opinion.

*Mr. Aubrey E. Strode,* with whom *Mr. J. T. Coleman, Jr.,* was on the brief, for appellants.

*Mr. Marion Erwin,* Special Assistant to the Attorney General, for the United States.

MR. JUSTICE HOLMES delivered the opinion of the court.

The United States brought a bill to charge Kellogg with a trust in respect of funds received by him from Greene and obtained from the plaintiff by Greene through his participation in some well known frauds. In 224 U. S. 567, the representative of Leary was allowed to intervene and to assert a paramount claim upon the funds. In 245 U. S. 1, it was established that the funds were held by Kellogg primarily as security to Leary against his liability upon a bail bond for Greene. The United States having obtained a judgment on the bail bond and the same having been paid by the Leary estate the present appellants filed a petition in the cause, in the District Court, to have the funds applied to the reimbursement (1) of expenditures in defending against proceedings in the Surrogate Court to secure payment of the judgment, (2) of expenditures in establishing and protecting the trust; and (3) of the sum of $40,802, the amount paid on the judgment, with interest from July 26, 1910, the date when the judgment was paid. The District Court allowed the last claim with interest at six per cent., less the clerk's poundage of one per cent. under Rev. Stats., § 828. (The details are immaterial.) It denied the other claims, and its decree was affirmed by the Circuit Court of Appeals. 257 Fed. Rep. 246. 168 C. C. A. 330. Leary's administrators appealed.

The only reason suggested for the claim on account of defending against proceedings on the judgment is that the United States in the present suit had impounded the funds available for payment. But the obligation to pay the judgment was absolute, not confined to a payment from these funds, and the claim for the cost of resisting it has no foundation. We also are of opinion that the deduction of poundage by the clerk was proper as in other

cases of money kept and paid out by him. But it is said
that this item and the expense of defending the trust
should be borne by the residue of the funds in the clerk's
hands after deducting the amount paid in respect of the
judgment. It is argued that the trust informally estab-
lished by letters of Kellogg stating that he held it for
Leary's protection to be applied in payment of his obli-
gation in case it should be established, if construed with
reasonable liberality, must embrace these elements to
make the protection complete. Of course the upholding
of Leary's claim against the United States was not con-
templated in the terms of the trust because Leary's
ignorance of the interest of the United States was essen-
tial to the validity of his position as a purchaser without
notice. But it is thought that indemnity includes defences
of the indemnifying fund against unexpected attacks,
that if the trustee fails to make it the *cestui que trust* may
do so, and that in either event the fund should be charged.
It does not matter that the United States is the opposing
party, as its rights in the fund are inferior to those that
Leary now has successfully affirmed. *Trustees* v. *Green-
ough*, 105 U. S. 527.

To these arguments the Government replies in the
first place that they come too late; that the decree of the
Circuit Court of Appeals that was before this court on
the last occasion was treated as a final decree, which
therefore fixed the amount that the appellants could re-
cover beyond enlargement, and that as the prayer of the
appellants was only for the transfer of so much of the
fund as would pay the judgment on the bail bond with
interest, nothing more can be asked now. This objec-
tion might raise difficulty if otherwise our opinion were
in favor of the appellants; but as we think that the Cir-
cuit Court of Appeals was right with regard to the merits,
we will assume for purposes of decision that the previous
proceeding did not so precisely determine the appellants'

rights as to prevent their demanding the foregoing items as incident to the claim allowed.

To charge the fund with these expenses is to charge the United States, and it begs the question to say that the United States in this respect is subordinate to the Leary claim. It is not subordinate unless Leary's costs ought to come out of the Government's pocket, even though limited to particular money there. The Government cannot be made to pay or to take subject to the deduction, because Leary, even though a *bona fide* purchaser, had no contract for it, and because to charge the fund apart from contract is merely a round-about way of saying that the owner of the fund must pay charges of a kind that the United States never pays; (see *National Bank* v. *Whitney*, 103 U. S. 103, 104; *United States* v. *Barker*, 2 Wheat. 395;) and charges for protecting the fund not for but against the United States.

*Decree affirmed.*

MR. JUSTICE McREYNOLDS took no part in the decision of this case.