## COGSWELL v. TRIBUNE CO.

District Court, S. D. New York.

Oct. 5, 1936.

632

Deane Ramey, of New York City, for plaintiff.

Stahl & Updike, of New York City, for defendant.

MANDELBAUM, District Judge.

The plaintiff seeks to remand this action to the City Court of the City of New York, County of New York, from where it was removed to this court by the defendant.

The requisite diversity of citizenship existing, there is only left to determine whether the amount in controversy brings this action within the jurisdiction of this court.

In urging the granting of this motion, the plaintiff maintains that since the prayer for relief in her complaint demands judgment against the defendant in the sum of $2,999, together with the costs and disbursements of this action, this court cannot entertain jurisdiction because the matter in controversy does not exceed, exclusive of interest and costs, the sum or value of $3,000. 28 U.S.C.A. §§ 41, 71.

The defendant, in opposition, contends that the statutory phraseology "exclusive of interest and costs" does not mention the word "disbursements," concluding therefrom, that, if "disbursements" are demanded in the complaint, the same can be added to the damages demanded in determining whether the matter in controversy exceeds $3,000.

It is the accepted rule that the test in determining the amount in controversy is whether the amount demanded is part of the matter put in controversy by the complaint and not mere "costs" excluded from the reckoning by the jurisdictional and removal statutes. Missouri State Life Insurance Company v. Jones, 290 U.S. 199, 54 S. Ct. 133, 78 L.Ed. 267.

The defendant cites this case in support of its contention. There, the question involved was whether or not the "attorneys fees" demanded in the complaint were to be deemed costs within the removal statute.

The Supreme Court of the United States held that this was not pure statutory costs and could be considered in determining whether the amount in controversy exceeded the sum of $3,000.

Our own state Supreme Court has held counsel fees not to be within the category of statutory costs, Rollin v. Grand Store Fixture Co., 231 App.Div. 47, 246 N.Y.S. 371.

The issue is whether or not "disbursements" are part of the matter put in controversy by the complaint or are they to be included as statutory costs, and, therefore, excluded from the reckoning in determining the amount in controversy.

Section 1518 of the Civil Practice Act of the state of New York reads in part: *"Disbursements which may be Included in Bill of Costs.*—A party to whom costs are awarded in an action is entitled to include in his bill of costs his necessary disbursements as follows."

It is obvious that from the foregoing language, disbursements may be made a part of the bill of costs. It follows that disbursements demanded are intended to include only those expenses which may be taxable as costs. Any other construction would be against the letter and spirit of the statute, for the reason that the expenses of the prevailing party can not be charged against the losing party beyond the taxable costs which may be adjudged against him. Leary v. U. S. (C.C.A.) 257 F. 246, affirmed 253 U.S. 94, 40 S.Ct. 446, 64 L. Ed. 798; Hygienic Chemical Co. v. Provident Chemical Works (C.C.A.) 176 F. 525, 529.

It is my opinion that this court has no jurisdiction of the cause of action at bar by reason of the fact that the amount in controversy is not in excess of $3,000, exclusive of interest and costs.

The motion to remand this action to the city court of the city of New York, county of New York, is hereby granted.