**ESSO STANDARD (LIBYA), INC., et al.**

v.

**SS WISCONSIN, Her Engines, Tackle, Apparel, etc., et al.**

**Civ. A. No. 68–G–129.**

United States District Court,
S. D. Texas,
Galveston Division.

Dec. 9, 1971.

Ed Bluestein, of Fulbright, Crooker & Jaworski, Houston, Tex., for plaintiffs.

Ed J. Patterson, Jr., of Royston, Rayzor & Cook, Galveston, Tex., William C.

Bullard, of Baker & Botts, Houston, Tex., Edward W. Watson, of Eastham, Watson, Dale & Forney, Galveston, Tex., for defendants.

## MEMORANDUM AND ORDER

NOEL, District Judge.

■ This cause came on for trial before this Court without a jury in February of 1970, and on consideration of the issues as set forth in the pleadings and pretrial order, the evidence, and the arguments and briefs of counsel, the Court concluded the following: (a) that defendant Joy Manufacturing Company was not negligent in its design, or otherwise, and therefore was and is not liable to Esso; (b) that the stevedore and the ship were each liable to Esso; and (c) that the ship was entitled to recover over against the stevedore in ultimate liability. In accordance with the above entered findings of fact and conclusions of law, plaintiff (Esso) and defendants (ship and stevedore company) submitted a "Stipulation and Joint Motion for Judgment." This proposed stipulation and joint motion for judgment is opposed by defendant Joy Manufacturing Company because the motion does not make any provision entitling Joy Manufacturing Company to recover its costs against Esso.

Rule 54(d) of the Federal Rules of Civil Procedure states:

> Except when express provision therefore is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; . . . .

Thus, under Rule 54 the prevailing party is normally entitled to costs as a matter of course. See generally 6 Moore's Federal Practice § 54.70 [3]–[5] at pp. 1304–1313. However, this general proposition is not a rigid rule in that the phrase "unless the court otherwise directs" vests in the court a sound discretion over the allowance, disallowance, or apportionment of costs in all civil actions. United States v. Bowden, 182 F. 2d 251, 252 (10th Cir. 1950); Truth Seeker Co. v. Durning, 147 F.2d 54 (2nd Cir. 1945); McWilliams Dredging Co. v. Department of Highways, 187 F.2d 61 (5th Cir. 1951).

■ Circumstances justifying denial of costs to the prevailing party or the assessment of partial costs against him may exist where the amount of taxable costs actually expended were unnecessary or unreasonably large; or, where the action was unnecessarily prolonged by the bringing in of unmeritorious issues into the case or otherwise encumbering the record; or, where the judgment recovered was insignificant in comparison to the amount actually sought. See Chicago Sugar Co. v. American Sugar Refining Co., 176 F.2d 1 (7th Cir. 1949), cert. den., 338 U.S. 948, 70 S.Ct. 486, 94 L.Ed. 584 (1950); Lewis v. Pennington, 400 F.2d 806, 819 (6th Cir. 1968); Lichter Foundation, Inc. v. Welch, 269 F.2d 142, 146 (6th Cir. 1959).

In the *Lichter Foundation* case, supra, the court held that "the prevailing party is prima facie entitled to costs and it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption." 269 F.2d 142, 146. The opposing party presented no authority to the contrary, and the Court of Appeals for the Fifth Circuit has not spoken on the subject. The record contains no evidence, nor do the other parties to this cause argue or infer otherwise, which would indicate that there should be any penalty assessed against Joy Manufacturing; i.e., a showing of bad faith, or the deliberate adoption of a course of business calculated to render the litigation pertaining thereto unnecessarily prolix and expensive, etc. Joy Manufacturing is clearly a "prevailing" party within the meaning of Rule 54(d), and accordingly it is ordered that the motion of the other parties seeking for the entry of a judgment requiring all

**28**

parties to bear their own costs is denied; and, furthermore, it is ordered that judgment be entered whereby Joy Manufacturing Company recover its taxable costs against Esso Standard (Libya), Inc.