**Joan BAEZ, Appellant,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, et al., Appellees.**

**No. 79–1881.**

United States Court of Appeals, District of Columbia Circuit.

Argued En Banc 11 Dec. 1981.

Decided 30 July 1982.

See also, D.C.Cir., 647 F.2d 1328.

Tamm, Circuit Judge, dissented and filed opinion, in which J. Skelly Wright, Circuit Judge, joined.

Harry T. Edwards, Circuit Judge, dissented and filed opinion.

ment of the disputed claims from 1981 as well as 1982 appropriations. *See* Appellees' Brief at 66.

Martin S. Echter, Washington, D. C., with whom Ira M. Lowe, Washington, D. C., was on the brief, for appellant.

Douglas N. Letter, Atty., Dept. of Justice, Washington, D. C., with whom Thomas S. Martin, Acting Asst. Atty. Gen., Charles F. C. Ruff, U. S. Atty. at the time the brief was filed, and Leonard Schaitman, Atty., Dept. of Justice, Washington, D. C., were on the brief, for appellees. Freddi Lipstein, Atty., Dept. of Justice, Washington, D. C., also entered an appearance for appellees.

John H. Harwood, II, and Arthur B. Spitzer, Washington, D. C., were on the brief for amicus curiae American Civil Liberties Union Fund of the Nat. Capital Area.

Before ROBINSON, Chief Judge, and WRIGHT, TAMM, MacKINNON, ROBB, WILKEY, WALD, MIKVA, EDWARDS and GINSBURG, Circuit Judges.

Opinion PER CURIAM.

Dissenting opinion filed by Circuit Judge TAMM, in which Circuit Judge J. SKELLY WRIGHT joins.

Dissenting opinion filed by Circuit Judge HARRY T. EDWARDS.

**1.** Plaintiff's FOIA Request to Clarence Kelley, Director of the FBI (27 Apr. 1976). *See Baez v. United States Dep't of Justice,* 647 F.2d 1328, 1330 (D.C.Cir.1980).

## PER CURIAM:

The issue before us is whether the Government, the prevailing party on an appeal from a FOIA action in district court, should be denied an award of $365.00, its costs on appeal. Because this case offers no circumstance and appellant has made no argument to overcome the general presumption under Rule 39 of the Federal Rules of Appellate Procedure favoring cost recovery by the prevailing party on appeal, the Government is entitled to the costs it seeks.

## I. FACTS

On 27 April 1976 appellant Baez made a Freedom of Information Act request to the Federal Bureau of Investigation, seeking "[a]ll information or other references or materials, in whatever form or manner, referring to or directly or indirectly concerning Joan C. Baez whether filed under her name or obtainable by searching through other files or materials."[1] The FBI acknowledged receipt of appellant's request and advised her that it would be processed in its proper order among the many FOIA requests that had been received. When no further reply was received by 18 October 1976, appellant filed suit in the United States District Court for the District of Columbia to compel disclosure of the records. On 18 February 1977 the District Court granted the Government's motion to stay the proceedings while the FBI finished processing appellant's request.

By letter dated 21 March 1977 the FBI released to appellant 365 pages of material located in its main file, but withheld other documents pursuant to Exemptions 1, 3, 7(C), 7(D), and 7(E) of FOIA. As a result of appellant's administrative appeal, the Bureau released 145 additional pages; it continued to claim valid exemptions for the remaining documents, however.

In April 1978 the FBI notified appellant that it had completed an additional search for references to her appearing in the "see reference files."[2] It thereafter released an

**2.** The "main files" are those files actually bearing the requesting individual's name. The "see reference files" are files under the name of a person or organization other than the request-

additional 1,075 pages of material, once again withholding portions thereof pursuant to Exemptions 1, 7(C), 7(D), and 7(E) of FOIA.[3]

On 7 November 1978, after exhausting her administrative appeals, appellant moved for summary judgment and partial *in camera* review of the documents withheld. The Government filed a cross motion for summary judgment with supporting affidavits on 1 December 1978. On 21 June 1979 the Government filed additional affidavits with the district court, one of which indicated that the FBI had reexamined all withheld documents under the new classification criteria established by Executive Order No. 12,065.[4] The examining agent averred that the documents that the FBI had withheld still merited classification under the new standards.

At a 25 June 1979 hearing on the respective motions, the district court ruled that Exemptions 1, 3, 7(C), and 7(D) were properly taken. Appellant appealed the district court's judgment to this court, alleging error with respect to the rulings on Exemptions 1, 7(C), and 7(D). This court found no error in the trial court's rulings and on 25 August 1980 affirmed the district court's decision "in all respects."[5]

Following Baez's unsuccessful appeal, the Justice Department filed a bill of costs in the amount of $365.00, the cost of printing 50 copies of its brief on appeal. The Government relied on Rule 39 of the Federal Rules of Appellate Procedure, which provides that "costs shall be taxed against the appellant, when a judgment of the district court is affirmed."

Appellant gave no indication that she was unable to pay the costs sought, nor did she allege any misconduct or wrongdoing on the part of the Government. She opposed a costs award on two grounds: First, appellant argued that the spirit of the 1974 amendment to FOIA, providing attorneys' fees and costs to substantially prevailing FOIA plaintiffs,[6] worked to deny costs to the Government in all FOIA cases, except where the suit against it is found to be "frivolous and brought for harassment purposes."[7] Second, appellant argued that the amount of costs billed by the Government was excessive, inasmuch as it represented costs for 50 copies of its brief, and this court requires only that 15 copies of a brief be filed on appeal.

On 7 May 1981 a panel of this court issued a majority opinion (from which Judge Wilkey dissented) denying the Government's request for costs on the grounds that the appellant's appeal was not frivolous, unreasonable or without foundation. It thus ordered that each party should bear its own costs.[8] This order was followed, on 21 May 1981, by the Government's "petition for rehearing with suggestion for rehearing *en banc.*" The same panel majority of this court, "[a]fter careful consideration of the Government's Petition, grant[ed] the request for rehearing, and vacate[d] the opinion issued by the majority on May 7th, 1981." The majority of the panel adhered to the result it had earlier reached, but stated simply that "consistent with our authority under Rule 39(a), we hereby deny the Government's request for costs in this case. Each side shall bear its own costs." Judge Wilkey again dissented.[9]

---

ing party but in which the requestor's name might appear because of his or her association or contact with the subject party.

**3.** *See Baez*, 647 F.2d at 1330.

**4.** 3 C.F.R. 190 (1979).

**5.** *Baez*, 647 F.2d at 1330.

**6.** 5 U.S.C. § 552(a)(4)(E) provides, "The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section

[FOIA] in which the complainant has substantially prevailed."

**7.** Appellant's "Motion in Opposition to Award of Appellees' Bill of Costs," filed 8 Sept. 1980, at 1.

**8.** The opinion made no mention of the contention that printing costs for 50 briefs was de facto excessive and therefore unreasonable.

**9.** *Baez*, 662 F.2d at 793.

On 18 August 1981 this court ordered that the costs issue be reheard *en banc* and vacated all prior orders and opinions regarding costs. Both sides submitted briefs on the issue of costs and oral argument was heard on 11 December 1981.

## II. DISCUSSION

### A. *The Presumption Favoring Cost Awards to Prevailing Parties*

While there is a dearth of case law dealing specifically with cost awards under Rule 39 of the Federal Rules of Appellate Procedure, this is not so of the issue of cost recovery in general. As early as 1487 English law had codified the common law practice "that if a judgment be affirmed on writ of error, the writ be discontinued, or if the party suing it be nonsuited then *the defendant in error was to have his costs*." [10] In actions at law prevailing parties were entitled to costs as of right; [11] in actions at equity the Chancellor exercised discretion when deciding whether to allow costs to the victors.[12] American courts adopted English practice by the early part of the nineteenth century, typically giving total reimbursement, including attorneys' fees, to the prevailing litigant.[13]

Over time, the American rule regarding *attorneys' fees* began to deviate from the rule governing taxation of *costs*.[14] However, although judges came to hold "that attorney's fees are *not* ordinarily recoverable [by the victor] in the absence of a statute or enforceable contract providing therefor," [15] the courts of this country continued to recognize a strong presumption favoring cost awards to prevailing litigants.[16] Two factors called for a legal distinction between the presumptions regarding awards of costs and attorneys' fees: (1) the sharp disparity between the dollar amounts of the

**10.** Goodhart, *Costs*, 38 YALE L.J. 849, 853 (1929), *citing* 3 HEN. VII, c. 10 (1487) (emphasis added). Other statutes were later enacted to the same effect. *See id.* at 853–54 n.26, *citing* 13 CAR. II, c. 2, f. 10 (1661); 8 & 9 W. III, c. 11, f. 2 (1696); 4 ANNE c. 16, f. 25 (1705).

**11.** The Statute of Gloucester, 6 EDW. I, c. 1 (1275), specified that on certain writs "it is provided, that the [victorious] Demandant may recover ... the Costs of his Writ purchased." As Lord Coke noted, the terms "Costs of his Writ purchased" "extendeth to all the legall cost of the suit." COKE, 2d INSTITUTES 288.

**12.** *Jones v. Coxeter*, 2 Atk. 400 (1742).

**13.** 10 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL § 2665 at 122 (1973 & Supp. 1978) [hereinafter WRIGHT & MILLER]. As is well known, the English continue to preserve the principle of total reimbursement of both costs and fees to the winner. *See* Kaplan, *An American Lawyer in the Queen's Courts: Impressions of English Civil Procedure*, 69 MICH.L.REV. 821, 835–38 (1971).

**14.** By "costs" we are referring strictly to taxable costs of the type normally assessed by federal courts under 28 U.S.C. § 1920 (1976), which states,

A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title.
A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

**15.** *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717, 87 S.Ct. 1404, 1406, 18 L.Ed.2d 475 (1967); *Arcambel v. Wiseman*, 3 U.S. (3 Dall.) 306, 1 L.Ed. 613 (1796).

**16.** "[A] careful examination of the authorities leaves us no option but to follow the rule that the prevailing party shall recover of the unsuccessful one the legal costs which he has expended in obtaining his rights." *United States v. Schurz*, 102 U.S. (12 Otto) 378, 408, 26 L.Ed. 167 (1881). *See also* Ex parte *Peterson*, 253 U.S. 300, 40 S.Ct. 543, 64 L.Ed. 919 (1920); *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142 (6th Cir. 1959); *Emerson v. National Cylinder Gas Co.*, 251 F.2d 152, 158 (1st Cir. 1958); In re *Northern Indiana Oil Co.*, 192 F.2d 139 (7th Cir. 1951); *Chicago Sugar Co. v. American Sugar Refining Co.*, 176 F.2d 1 (7th Cir. 1949), *cert. denied*, 338 U.S. 948, 70 S.Ct. 486, 94 L.Ed. 584 (1950). Attorneys' fees, by contrast, fall under the broader rubric of "total expenses" actually incurred by a litigant in connection with a lawsuit.

two awards,[17] and (2) "the time, expense and difficulties of proof inherent in litigating the question of what constitutes reasonable attorney's fees."[18] Unlike attorneys' fees, whose magnitude and unpredictability have discouraged parties with otherwise meritorious claims from litigation,[19] the small and predictable costs of court fees, printing costs, and court reporters' fees have customarily been viewed as necessary and reasonable incidents of litigation, properly reimbursable to the victors.[20]

While both attorneys' fee awards[21] and taxation of costs[22] have eventually come to be governed by statute in America, both types of statute embody the notions that assessment of attorneys' fees against the losers may be a form of *penalty*, while taxation of costs merely represents the *fair price* of unsuccessful litigation.[23]

When law and equity merged in 1937 the Federal Rules of Civil Procedure adopted both equity's discretionary standard for awarding costs[24] and the common law presumption favoring the award of litigation costs to the prevailing party. Thus Federal Rule of Civil Procedure 54(d) provides,

> Except when express provision therefor is made either in a statute of the United States or in these rules, *costs shall be allowed as of course to the prevailing party* unless the court otherwise directs. . . .[25]

**17.** Because costs must be proven by affidavit and are restricted by statute to identifiable items, they are small, predictable, and usually require little court administration. *See generally* Comment, *Taxation of Costs in Federal Courts—A Proposal*, 25 Am.U.L.Rev. 877 (1976) (discussing current federal court practice). The costs requested by the Government in FOIA cases rarely exceed a few hundred dollars. *See, e.g.,* the motions to deny the Government costs filed in *Lesar v. United States Dep't of Justice*, 636 F.2d 472 (D.C.Cir.1980) ($290); *Weisberg v. CIA*, No. 79–1729 (D.C.Cir. 30 June 1980) ($164); *Hayden v. National Security Agency/Central Security Serv.*, 608 F.2d 1381 (D.C.Cir.1979), *cert. denied*, 446 U.S. 937, 100 S.Ct. 2156, 64 L.Ed.2d 790 (1980) ($212).

Attorneys' fee awards, by contrast, may under some formulations exceed by a factor of five the amount actually in controversy in the suit. *See, e.g., Copeland v. Marshall*, 641 F.2d 880 (D.C.Cir.1980) (en banc) ($160,000 fee awarded in case where compensation of only $31,345 given to plaintiffs in the judgment).

**18.** *Fleischmann Distilling Corp.*, 386 U.S. at 718, 87 S.Ct. at 1407. *See also Oelrichs v. Spain*, 82 U.S. (15 Wall.) 211, 231, 21 L.Ed. 43 (1872).

For a recent reaffirmation of the time, expense, and difficulty involved in determining what constitutes a reasonable attorney's fee, see the three opinions of this court in *Copeland v. Marshall*, 641 F.2d 880 (D.C.Cir.1980) (en banc), which numbered over one hundred pages. For a broader discussion of the difficulties and unpredictability involved in fee calculations, *see generally* Berger, *Court Awarded Attorneys' Fees: What is "Reasonable"?*, 126 U.Pa.L.Rev. 281 (1977).

**19.** *See Fleischmann Distilling Corp.*, 386 U.S. at 718.

**20.** *See generally* 10 Wright & Miller, *supra* note 13, § 2666 at 126 ("Typically costs are allowed in favor of the winning party against the losing party to provide at least partial indemnification of the expenses incurred in establishing his claim or defense."); *id.* at §§ 2667–68.

**21.** *See, e.g., Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 260 n.33, 95 S.Ct. 1612, 1623 n.33, 44 L.Ed.2d 141 (1975) (reaffirming general American rule that absent statute or contract, litigants pay their own attorneys' fees and listing federal statutes authorizing court-awarded fees).

**22.** *See, e.g.,* 28 U.S.C. § 1914 (1976) (governing costs in habeas corpus); *id.* § 1920 (taxation of costs); *id.,* § 1923 (docket fees); *id.* § 1927 (taxation of excess costs for abuse of judicial process).

**23.** *Compare Hall v. Cole*, 412 U.S. 1, 5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702 (1973) (reaffirming judicial discretion to award attorneys' fees against loser who has acted vexatiously, wantonly, or in bad faith) *and Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 43 S.Ct. 458, 67 L.Ed. 719 (1923) (attorneys' fees awarded against party found guilty of contempt), *with Fairmont Creamery Co. v. Minnesota*, 275 U.S. 70, 76, 48 S.Ct. 97, 99, 72 L.Ed. 168 (1927) *and Welsch v. Likins*, 68 F.R.D. 589, 596 (D.Minn.), *aff'd*, 525 F.2d 987 (8th Cir. 1975) *and Hygienic Chem. Co. v. Provident Chem. Works*, 176 F. 525, 528 (2d Cir. 1910) (holding that costs, rather than being punitive in nature, are merely incident to the judgment).

**24.** 6 Moore, Federal Practice ¶ 54.70[2] at 1303 (2d ed. 1976); 10 Wright & Miller, *supra* note 13, § 2665.

**25.** Fed.R.Civ.P. 54(d) (emphasis added).

The presumption explicitly stated in Rule 54(d)—that the prevailing party is normally entitled to costs in the district court as a matter of course—has proven very powerful indeed. In *Delta Air Lines, Inc. v. August*[26] the Supreme Court stated clearly that prevailing parties "presumptively will obtain costs under Rule 54(d)," and that "[b]ecause costs are usually assessed against the losing party, liability for costs is a normal incident of defeat."[27] Every circuit court that has considered the question (ten out of twelve) has not only *recognized* the presumption, but has held that a court may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so.[28] Accordingly, federal courts have placed on the unsuccessful parties some burden of showing circumstances sufficient to overcome the presumption favoring the prevailing party.[29] The result is that trial judges have rarely denied costs to a prevailing party whose conduct has not been vexatious when the losing party has been capable of paying such costs.[30]

Rule 39(a) of the Federal Rules of Appellate Procedure, which governs costs awards at the appellate level, states in pertinent part that "[e]xcept as otherwise provided by law ... if a judgment is affirmed, costs shall be taxed against the appellant unless otherwise ordered."[31] The presumption favoring costs awards to prevailing parties is no weaker in cases involving this rule than in cases under Fed.R.Civ.P. 54(d). Not only are the structure and language of the two provisions parallel, but the signals are clear that the two find root in the same principle. The Advisory Committee to the Appellate Rules stated that an appellate court must exercise its equitable discretion under Rule 39 subject to the same presumption which guides trial courts:

> While only five circuits ( [including the] D.C.Cir. ...) presently tax the costs of printing [appellate] briefs, the proposed rule makes the cost taxable *in keeping with the principle of this rule that all cost items expended in the prosecution of a*

---

26. 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981).

27. *Id.* at 352, 101 S.Ct. at 1150.

28. *See, e.g., Shima v. Brown,* 140 F.2d 337 (D.C.Cir.), *cert. denied,* 318 U.S. 787, 63 S.Ct. 982, 87 L.Ed. 1154 (1943); *Compania Pelineon De Navegacion, S. A. v. Texas Petroleum Co.,* 540 F.2d 53, 56 (2d Cir. 1976), *cert. denied,* 429 U.S. 1041, 97 S.Ct. 741, 50 L.Ed.2d 753 (1977); *Samuel v. University of Pittsburgh,* 538 F.2d 991, 999 (3d Cir. 1976); *Constantino v. American S/T Achilles,* 580 F.2d 121 (4th Cir. 1978); *Walters v. Roadway Express, Inc.,* 557 F.2d 521 (5th Cir. 1977); *Lichter Foundation, Inc. v. Welch,* 269 F.2d 142 (6th Cir. 1959); *Popeil Bros. v. Schick Elec., Inc.,* 516 F.2d 772 (7th Cir. 1975); *Subscription Television, Inc. v. Southern Cal. Theater Owners' Assoc.,* 576 F.2d 230 (9th Cir. 1978); *Serna v. Manzano,* 616 F.2d 1165, 1167–68 (10th Cir. 1980). In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit decided prior to 1 October 1981.

29. *See, e.g., Popeil Bros. v. Schick Elec., Inc.,* 516 F.2d 772, 776 (7th Cir. 1975); *Lewis v. Pennington,* 400 F.2d 806, 819 (6th Cir.), *cert.*

denied, 393 U.S. 983, 89 S.Ct. 450, 21 L.Ed.2d 444 (1968); *Lichter Foundation, Inc. v. Welch,* 269 F.2d 142, 146 (6th Cir. 1959); *Chicago Sugar Co. v. American Sugar Refining Co.,* 176 F.2d 1, 11 (7th Cir. 1949), *cert. denied,* 338 U.S. 948, 70 S.Ct. 486, 94 L.Ed. 584 (1950); *Maldonado v. Parasole,* 66 F.R.D. 388, 390 (E.D.N.Y. 1975); *Badger By-Products Co. v. Employers Mut. Cas. Co.,* 64 F.R.D. 4 (E.D.Wis.1974), *aff'd,* 519 F.2d 1406 (7th Cir. 1975); *Esso Standard (Libya) Inc. v. SS Wisconsin,* 54 F.R.D. 26, 27 (S.D.Tex.1971).

30. *See, e.g., Electronic Specialty Co. v. International Controls Corp.,* 47 F.R.D. 158 (S.D.N.Y. 1969).

31. The full text of Rule 39(a) follows:

> Except as otherwise provided by law, if an appeal is dismissed, costs shall be taxed against the appellant unless otherwise agreed by the parties or ordered by the court; if a judgment is affirmed, costs shall be taxed against the appellant unless otherwise ordered; if a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered; if a judgment is affirmed or reversed in part, or is vacated, costs shall be allowed only as ordered by the court.

*proceeding should be borne by the unsuccessful party.*[32]

Thus, Professor Moore observes, "[a]bsent statute, Rule 39(a) follows the principle of Rule 54[(d)] of the Rules of Civil Procedure that the prevailing party is entitled to costs *as a matter of course* unless the court orders otherwise."[33] This court has recognized this principle time and again.[34]

In *Saunders v. Washington Metropolitan Area Transit Authority,*[35] which involved Rule 39(a) and prevailing *appellants*, we noted that "[a]ppellants, as the prevailing parties, became entitled to an award of costs as a matter of course, save only to the extent that the court might direct otherwise.... Absent a contrary direction by this court, appellants were entitled, we have said, to their costs *as a matter of course.*"[36] This applies equally to prevailing *appellees*.

Our court's local rules direct us to apply Rule 39(a)'s presumption to the very costs at issue here. General Rule 15, governing "Costs of Briefs and Appendices," states,

> Costs [of briefs] shall be taxable *in conformity with Rule 39 of the Federal Rules of Appellate Procedure.* Costs will be allowed for ... the cost of printing of text of 50 copies of briefs and 25 copies of appendices, any charge for collating, binding, indices, covers, footnotes and tabular matter of briefs and appendices,

and the sales tax, if any, for printing services.[37]

**B.** *The Government as "Prevailing Party": The Presumption Is Unaffected*

■ Appellant's position assumes several forms, but for the main part centers on a single contention—that the presumption under Rule 39 somehow is different, *i.e.,* less firm, when the Government, rather than a private litigant, is its "beneficiary." We reject this argument.[38]

It is true that at common law, as Blackstone observed, sovereign immunity barred taxation of costs either for or against the king. Since it was the king's "prerogative not to pay [costs] to a subject, so it [was] beneath his dignity to receive them."[39] But as Professor Moore has wryly commented, "The United States seems never to have had any kingly dignity *preventing it from recovering costs*: although for many years it followed the kingly prerogative against *paying* costs."[40] Thus, in the 1902 case of *Pine River Logging Co. v. United States,*[41] the Supreme Court made the point explicit:

> While the rule is well settled that costs cannot be taxed against the United States, *the rule is believed to be universal,* in civil cases at least, that the United

---

**32.** Advisory Committee Note to Rule 39, *Subdivision (c), reprinted in* 9 MOORE, FEDERAL PRACTICE ¶ 239.01[2], at 39–4 (2d ed. 1976).

**33.** 9 MOORE, FEDERAL PRACTICE ¶ 239.01[1], at 39–6 (2d ed. 1976) (emphasis added).

**34.** *Saunders v. Washington Metropolitan Transit Auth.,* 505 F.2d 331 (D.C.Cir.1974); *Rural Housing Alliance v. United States Dep't of Agriculture,* 511 F.2d 1347, 1348 (D.C.Cir.1974) (order and concurring opinion); *Shima v. Brown,* 140 F.2d 337 (D.C.Cir.1943). *See also Gulf & Western Indus., Inc. v. United States,* 615 F.2d 527 (D.C.Cir.1979) (taxing costs against unsuccessful FOIA appellant without discussion).

**35.** 505 F.2d 331 (D.C.Cir.1974).

**36.** *Id.* at 333–34 (emphasis added).

**37.** Rule 15, GENERAL RULES OF THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT (1968) (emphasis added).

**38.** We make no finding relating to appellant's contentions that her action in the district court served the public interest and that criteria such as the public benefit from challenges to agency secretiveness or the complexity, novelty, or substantiality of the case should be included in our decision to grant or deny costs. The case before this court was clear and straightforward; the Government was the sole victor and its victory was complete.

**39.** 3 W. BLACKSTONE, COMMENTARIES ON THE LAWS OF ENGLAND (1768) *400.

**40.** 6 MOORE'S FEDERAL PRACTICE ¶ 54.75[2], at 1551 (2d ed. 1976) (emphasis added).

**41.** 186 U.S. 279, 22 S.Ct. 920, 46 L.Ed. 1164 (1902).

States can recover the same costs *as if they were a private individual.*[42]

This "universal" rule permitting the United States to *recover* costs as a prevailing party, even if it could not be taxed for costs as a losing party, underwent some equitable adjustment with the advent of Rule 39 of the Federal Rules of Appellate Procedure. Subdivision (b) of the rule, specifically pertaining to "costs for and against the United States," states,

> In cases involving the United States or any agency or officer thereof, if an award of costs against the United States is authorized by law, costs shall be awarded in accordance with the provisions of subdivision (a) [which, of course, provides generally for cost awards to the prevailing party of appeal]; otherwise, costs shall not be awarded for or against the United States.

As the Advisory Committee Notes to Rule 39 acknowledge, Rule 39(b) was written "at a time when the United States was generally invulnerable to an award of costs against it, and ... [appears] to be based on the view that if the United States is not subject to costs if it loses, it ought not be entitled to recover costs if it wins."[43]

Since then, of course, the general rule that costs could not be taxed against the United States has been broadly abrogated by statute. In 1966 Congress enacted 28 U.S.C. § 2412, extinguishing the general sovereign immunity to cost awards previously claimed by the Government. It provides that when the United States is a party,

[e]xcept as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title but not including the fees and expenses of attorneys may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or official of the United States acting in his official capacity, in any court having jurisdiction of such action. . . .[44]

The 1974 FOIA amendment in 5 U.S.C. § 552(a)(4)(E), while directed principally toward authorizing awards of *attorney fees* against the United States,[45] affirmed that costs were also recoverable against the Government: "The court may assess against the United States reasonable attorney fees *and other litigation costs* reasonably incurred in any case under this section in which the complainant has substantially prevailed."

Since cost awards *against* the United States (if it is a *losing* party) are authorized under *both* 28 U.S.C. § 2412 and 5 U.S.C. § 552(a)(4)(E), the combined operation of Rule 39(b) and (a) place the *prevailing* Government party in the same position as a prevailing private litigant. There being no express bar against cost awards to the United States in FOIA actions the clear implication is that, regardless of the identity of the prevailing defendant, the ordinary Rule 39(a) presumption favoring an award of costs to the prevailing party—appellant or appellee—operates in this case, as it would in any other.

### III. CONCLUSION

■ While the "unless otherwise ordered" language of Rule 39 preserves this

---

**42.** *Id.* at 296, 22 S.Ct. at 927 (emphasis added).

**43.** Advisory Committee Note to Rule 39, *reprinted in* 9 MOORE, FEDERAL PRACTICE ¶ 239.01[2] at 39–3 (2d ed. 1976).

**44.** 28 U.S.C. § 2412 (1976). (The text of § 1920 of the same title, referred to in § 2412, is quoted at note 14 *supra*.)

**45.** The Senate's discussion of the amendment before its passage was directed almost exclusively at the fees problem. *See* House Comm. on Gov't Operations & Senate Comm. on the Judiciary, *Freedom of Information Act and Amendments of 1974 (P.L. 93–502), Source Book: Legislative History, Texts, and Other Documents* at 169–72 (March 1975).

This emphasis on attorneys' fees alone is understandable. Since the waiver of sovereign immunity provided by 28 U.S.C. § 2412 already applied to cost awards in general, "[e]xcept as otherwise specifically provided by statute," an *additional* waiver was unnecessary. On the other hand, a specific waiver *was* required if attorneys' fees were to be collectible from Government parties, because the general provisions of section 2412 expressly excluded "fees and expenses of attorneys."

court's discretion to require the parties to bear their own costs on appeal, or otherwise to limit or deny a cost award to the prevailing party, we are guided by the strength of the general presumption favoring cost recovery to require of the unsuccessful party a showing of facts or circumstances supporting any departure from the general rule. In this case appellant has made no such showing to this court. We find no good reasons independent thereof to deny the appellee the award it seeks. The Government thus is awarded the $365.00 in costs at issue in this appeal.

*So ordered.*

TAMM, Circuit Judge, with whom J. SKELLY WRIGHT, Circuit Judge, joins, dissenting:

Despite the excellent reasoning set forth in the majority opinion in this case, I nevertheless am of the view that, considering all of the factual circumstances involved in this situation, each side should bear its own costs.

HARRY T. EDWARDS, Circuit Judge, dissenting:

I do not disagree with the legal principles enunciated in the first sentence in part III of the court's *per curiam.* However, I do not fully subscribe to the rationale offered in part II, nor do I agree with the factual findings and judgment stated in the last three sentences in part III.

I continue to adhere to the decision of the panel majority issued pursuant to the Government's petition for rehearing. I therefore dissent.