**SUDOUEST IMPORT SALES CORP., Plaintiff,**

v.

**UNION CARBIDE CORPORATION, Defendant.**

**Civ. No. 82–2483(PG).**

United States District Court, D. Puerto Rico.

July 2, 1984.

Harry A. Ezratty, Philip E. Roberts, San Juan, P.R., for plaintiff.

Maggie Correa-Avilés, McConnell, Valdés, Kelley, Sifre, Griggs & Ruiz-Suria, San Juan, P.R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

On May 7, 1984, defendant presented before this Court a "Verified Bill of Costs (FRAP 39(e))" submitting the expenses incurred upon appeal. Said expenses are for the translation of several opinions and legislative history and for the court reporter's transcript of a hearing held on January 26, 1983, necessary for the determination of the appeal.

■ The courts have established that the proper time within which to file a bill of costs is a "reasonable time". *Abelardo Martinez, etc. v. The Paul Taylor Brown Co.*, 6 PRF 435 (1915). Said time is to be determined on a case by case basis, using the entry of judgment as the starting point. *Id.* The entry of judgment, as explained by Wright and Miller in their interpretation of Rule 41 of the Federal Rules of Civil Procedure, is the moment in which the District Court received the mandate. Wright and Miller, *Federal Practice and Procedure: Jurisdiction*, § 3987. The mandate from the court of appeals was received and filed here on May 7, 1984, the same date in which defendant filed its Bill of Costs.

Defendant filed its Bill of Costs pursuant to Rule 39(e) of the Federal Rules of Appellate Procedure and not Rule 39(d). Rule 39(d) refers to the costs on appeal which are included on the mandate; whereas Rule 39(e) refers to the costs incurred in the preparation of the record and of the reporter's transcript, which must be taxed by the district court because these are incurred only at its level, and hence it is in a better position to ascertain what those are. Wright and Miller, *Federal Practice and Procedure: Jurisdiction*, § 3985.

■ On June 18, 1984, plaintiff filed a motion alleging that under F.R.A.P. 39(d) defendant's bill was late because it was filed more than fourteen (14) days after the entry of judgment, which was on April 12,

1984. Plaintiff's allegations are based on an incorrect reading of the rules. Plaintiff is correct in stating that a bill of costs filed pursuant to Rule 39(d) must be filed within 14 days after entry of judgment. However, as explained above, defendant filed its bill pursuant to Rule 39(e), which says nothing about a time limitation. Instead, to secure the costs mentioned in Rule 39(e), the prevailing party must make a separate application to the district court *after* the mandate has been received from the court of appeals. Clearly, defendant, as the prevailing party, has done precisely that, and its bill of costs is properly before this Court. *See generally, Murphy v. L. & J. Press Corp.*, 577 F.2d 27, 29 (8th Cir.1978).

In any event, plaintiff's opposition to defendant's Bill of Costs is late because in accordance with Rule 54(d) of the Federal Rules of Civil Procedure plaintiff had ten (10) days to oppose the bill. Instead, plaintiff filed its opposition forty two (42) days after defendant filed its Bill of Costs.

WHEREFORE, in view of the above, costs in favor of the defendant-appellee are taxed at $747.75, in addition to the costs previously mandated by the Court of Appeals for the First Circuit under F.R.A.P. 39(c).

IT IS SO ORDERED.