**Gary RAWSON, Plaintiff,**

v.

**SEARS, ROEBUCK & COMPANY, Defendant.**

Civ. A. No. 81–K–1454.

United States District Court, D. Colorado.

Feb. 10, 1988.

---

James E. Carleo, Carleo and Deniro, Colorado Springs, Colo., for plaintiff.

Gregory A. Eurich, Holland and Hart, Denver, Colo., for defendant.

## ORDER ON SEARS' MOTION TO ALTER OR AMEND JUDGMENT

KANE, District Judge.

Plaintiff brought suit against Sears, Roebuck and Company alleging his employment was terminated as a result of age discrimination. Judgment in favor of plaintiff in both liability and damage trials was reversed on appeal. On remand, judgment was entered for Sears in accordance with the order of the Tenth Circuit and each party was directed to pay his or its own costs. Order of October 13, 1987.

Sears filed a $45,000 bill of costs with the clerk of the district court for costs incurred on appeal, mainly expenses for obtaining a supersedeas bond to secure plaintiff's $24 million judgment, and the costs were taxed October 20, 1987. Plaintiff moved to review taxation of costs. On October 23, 1987 I vacated the order of costs.

Sears contends it is entitled to costs as a matter of course under Fed.R.App.P. 39(e), which provides the premiums paid for a supersedeas bond "shall be taxed in the district court as costs of the appeal in favor of the party entitled to costs under this rule." Rule 39(a) specifies "if judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered."

Sears interprets Rule 39 as limiting a district court's discretion regarding imposition of costs. Because the rule creates a presumption in favor of awarding costs to a prevailing party that is not overcome by the appeals court's silence as to costs, *see* 16 Wright, Miller, Cooper & Gressman, Federal Practice and Procedure § 3985 (1977), Sears maintains this court is without authority to deny even those costs taxable in the district court.

I disagree. The district courts are granted discretionary authority to impose or deny costs under Fed.R.Civ.P. 54 which parallels that of the courts of appeals under Fed.R.App.P. 39: "Except when express provision therefore is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs." The question is which rule governs, and which court thereby has discretion as to, the imposition of costs related to an appeal but taxable only in the district court.

Fed.R.App.P. 39 provides little guidance. At first blush, Sears appears correct given the language of the rule. But that language would be unambiguous only if

the same rules governed procedure in federal courts of appeals and district courts. The appellate rules do not apply to actions in district court. Fed.R.App.P. 1(a) provides:

> "Scope of Rules. These rules govern appeals in the U.S. courts of appeals ... Where these rules provide for the making of a motion or application in the district court, the procedure for making such motion or application shall be in accordance with the practice of the district court."

The Advisory Committee Note to the 1979 amendments shows the above provision applies here:

> The Federal Rules of Appellate Procedure [apply to] all steps in the judicial process, whether they take place in the district court or in the courts of appeals ... In some instances, however, the F.R. A.P. provide that a motion or application for relief may, or must, be made in the district court. See Rules 4(a), 10(b), and 24. The proposed amendment would make it clear that when this is so the motion or application is to be made in the form and manner prescribed by the F.R. C.P.

The advisory committee cites Rule 4(a), which provides an appeal as of right "shall be filed with the clerk of the district court," to exemplify an appellate rule directing action in the district court. Rule 39(e) similarly provides for the making of a "motion or application" in the district court within the meaning of Rule 1(a).

The costs referred to in Rule 39(e) are not costs of appeal included in the mandate of the court of appeals; they are taxed in the district court because they are incurred at its level. 16 Wright, Miller, Cooper & Gressman, Federal Practice and Procedure § 3985 (1977); *Sudouest Import Sales Corp. v. Union Carbide Corp.*, 102 F.R.D. 264 (D.P.R.1984). Thus, "the district court is in a better position than [the court of appeals] to make this determination with regard to the costs taxed against the losing party in that court." *Guse v. J.C. Penney*, 570 F.2d 679 (7th Cir.1978); *Sudouest Import*, 102 F.R.D. at 264.

Several courts have implicitly recognized district court discretion under Rule 39(e). *See Guse v. J.C. Penney*, 570 F.2d at 681 (while noting that Rule 39 initially vests discretion in the courts of appeals, deferred to district court's discretion to determine costs taxable under subsection e); *Trans World Airlines v. Hughes*, 515 F.2d 173 (2d Cir.1975) ("to be sure, costs [of obtaining supersedeas bond] are allowable in the district court's discretion"); *Volkswagenwerk Aktiengesellschaft v. Church*, 413 F.2d 1126 (9th Cir.1969) (court of appeals dismissed application for costs taxable in district court "without prejudice to the right of appellee to make a proper showing before the district court"); *Waterman Steamship Corp. v. Gay Cottons*, 419 F.2d 372 (9th Cir.1969) (not an abuse of trial court discretion to vacate district court clerk's award of appellate costs); *Berner v. British Commonwealth Pacific Airlines, Ltd.*, 362 F.2d 799 (2d Cir.1966) (upheld district court's imposition of costs against plaintiffs overruled on appeal, as "[t]his is a matter reserved to the sound discretion of the trial judge"); *Olympia Leasing Co. v. Western Union Telegraph Co.*, no. 77-C–4556 (N.D.Ill., June 16, 1987) [Available on WESTLAW, 1987 WL 12679] (denied reconsideration of order that imposed costs because district court "exercised its discretion pursuant to Federal Rule Appellate Procedure 39(e), which expressly gives a district court authority to tax as costs the premiums paid for the cost of supersedeas bonds ...").

Of course, a district court must act within the scope of its discretion. When a trial court refuses to award costs to a prevailing party, it must state its reasons so an appellate court may determine, on review, whether discretion was abused. *Delano v. Kitch*, 663 F.2d 990 (10th Cir. 1981). While both Fed.R.App.P. 39 and Fed.R.Civ.P. 54(d) create a presumption favoring cost awards to prevailing party, this burden may be overcome by an unsuccessful party's showing of special circumstances. *Baez v. United States Dept. of Justice*, 684 F.2d 999, 1004 and n. 29 (D.C.Cir. 1982). Thus, "the trial judges have rarely denied costs to a prevailing party whose

conduct has not been vexatious when the losing party has been capable of paying such costs." *Baez*, 684 F.2d at 1004.

 Plaintiff is incapable of paying defendant's costs. He lives on a fixed income of less than $1,000.00 per month, which is his pension from defendant Sears. An award of costs could result in attachment of this meager income by Sears which would drive plaintiff into penury.

I make no comment at all about the ultimate result. Clearly, though, two separate juries ruled in favor of plaintiff, on a test far more demanding than that set forth in the federal Age Discrimination in Employment Act, thus demonstrating this case was not without merit. Assessing costs in these circumstances might well cause other victims of age discrimination in employment to refrain from seeking justice, not on the basis of the merit or lack thereof of their claims, but rather from the risk of losing all their meager assets when matched with an opponent whose resources are exponentially greater than their own. The basic intent of law, and the legislation by both Congress and state legislatures in this area, is to provide a remedy for wrongs suffered and a fair opportunity to be heard. The imposition of costs in this case would raise an *in terrorem* barrier in the face of that intent.

For reasons which need not be examined here, the Court of Appeals decided plaintiff filed his case under the wrong statute. For reasons which are presently being adjudicated elsewhere, the plaintiff did not file under other statutes. Such filings have nothing whatever to do with the substantive justice of the case. I note as well that the jury determined defendant's conduct was deserving of punitive damages. In light of the circumstances surrounding this litigation, it would be inequitable and oppressive to order plaintiff to pay Sears' costs.

Defendant's motion to alter judgment is DENIED.