## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 91-CA-00470-SCT

*NORTHERN ELECTRIC COMPANY AND TOBY MINTER*

*v.*

*BERTIS PHILLIPS*

| | |
|---|---|
| DATE OF JUDGMENT: | 3/22/91 |
| TRIAL JUDGE: | HON. RICHARD W. MCKENZIE |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | EVE GABLE |
| ATTORNEY FOR APPELLEE: | MICHAEL B. MCMAHAN |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | MOTION DENIED IN PART AND REMANDED - 5/16/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## OPINION AND ORDER ON MOTION TO RETAX COSTS

¶1. In this case we reversed a judgment in the amount of $300,000. Costs were assessed to plaintiff/appellee, Bertis Phillips. The bill for costs submitted by defendant/appellant Northern Electric Company [hereinafter NECO] includes over $30,000 in premiums for a supersedeas bond. Phillips has filed a motion to re-tax costs asserting that payment of such costs would put him in bankruptcy and that the substantial amount of the costs is due to the prolonged appellate process over which he had no control. NECO responds that Phillips insisted on a supersedeas bond and was at all times ready to execute in the absence of such a bond. NECO contends that it should not be compelled to bear the burden of the bond.

¶2. Our rules provide that taxable costs include premiums paid for the cost of supersedeas bonds. M.R.A.P. 36(c). Where a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered. M.R.A.P. 36(a). We have not published a decision addressing these rules with respect to the problem now before us. It is clear, however, that Rule 36(a) allows this Court the discretion to deny costs in whole or in part to a prevailing appellee. *Id*. Our rule is substantially identical to Fed. R. App. P. 39 in this respect. The federal courts have recognized their discretion inherent in Fed. R. App. P. 39. ***Owen v. Patton***, 925 F.2d 1111 (5th Cir. 1990); ***Baez v. United States Dep't of Justice***, 684 F 2d 999, 1006-07 (D.C. Cir. 1982); ***Guse v. J. C. Penney Co.***, 570 F.2d 679, 681 (7th Cir. 1978). The question to be answered is whether this is a proper case for this Court to exercise its discretion as permitted by Rule 36(a) .

¶3. Our rules clearly create a presumption favoring the award of costs to the prevailing party. M.R.A.P. 36; M.R.C.P. 54. It is, therefore, incumbent upon the unsuccessful party to overcome this presumption by showing some special circumstances. *See* ***Rawson v. Sears, Roebuck & Co.***, 678 F. Supp. 820, 822 (D. Col. 1988) (citing ***Baez***, 684 F.2d at 1004 & n.29). Rarely has a prevailing party been denied costs in the absence of a showing of vexatious conduct on their part or that the losing party is incapable of paying the costs. ***Baez,*** 684 F.2d at 1004 & n.30. This Court has denied recovery for the cost of a bond where it was shown to have been unnecessary. ***Hattiesburg Municipal School District v. Gates***, 467 So. 2d 216 (Miss. 1985).

¶4. There is no claim of vexatious conduct here. Moreover, the record supports NECO's claim that the bond was insisted upon by Phillips. We are not in a position to assess the reasonableness of that insistence.

¶5. The primary claim here is that the imposition of costs would force Phillips into bankruptcy. There is no explicit claim of indigency here, but the inability of the losing party to pay must be considered. This Court is ill equipped to assess that ability in the first instance. It follows that the appropriate course is to relieve Phillips of the automatic taxation of costs with respect to the supersedeas bond premium and remand that matter to the trial court for consideration in its sound discretion after an evidentiary hearing. *See* ***Guse***, 570 F.2d at 680; ***Berner v. British Commonwealth Pacific Airlines, Ltd***., 362 F.2d 799, 801 (2d Cir. 1966) (The question whether plaintiff widow and children should bear the cost of a supersedeas bond was "reserved to the sound discretion of the trial judge.")

¶6. IT IS THEREFORE, HEREBY ORDERED, that plaintiff/appellee's motion to re-tax costs is denied in all respects except that as to the cost of premiums for a supersedeas bond, taxation is suspended and the matter is remanded to the circuit court for disposition in accordance with this opinion and order.

¶7. SO ORDERED this the 14th day of May, 1996.

_____

FRED L. BANKS, JR., JUSTICE

FOR THE COURT