**ZENITH INSURANCE COMPANY,**
Plaintiff–Appellee–Cross–
Appellant,

v.

Leonard BRESLAW; Jamshid Azari; Mehdi Khademi; Marvin Santos; Lloyd Tom, Defendants–Appellants–Cross–Appellees.

Nos. 95–56032, 95–56035 and 95–56041.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 1996.

Decided Feb. 26, 1997.

Daniel D. McMillan, Jones, Day, Reavis & Pogue, Los Angeles, CA, for the defendants-appellants-cross-appellees.

Lary Alan Rappaport, McCambridge, Deixler, Marmaro & Goldberg, Los Angeles, CA, for the plaintiff-appellee-cross-appellant.

Before: FERNANDEZ and HAWKINS, Circuit Judges, and SCHWARZER,* Senior District Judge.

* Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

**PER CURIAM:**

This appeal requires us to consider the claims of both parties that the district court wrongfully denied them "prevailing party" status and, accordingly, an award of costs under Rule 54(d) of the Federal Rules of Civil Procedure. In the litigation that spawned this appeal, Zenith Insurance Company ("Zenith") sued Drs. Leonard Breslaw, Jamshid Azari, Mehdi Khademi, Marvin Santos, and Lloyd Tom (collectively "the doctor defendants") for alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–68 (1994). An eight-day trial yielded a special jury verdict that found a RICO conspiracy by some of the doctor defendants, but found no legal injury to Zenith and awarded it no damages. The district court held that neither party had prevailed and ordered each party to bear its own costs. The doctor defendants appeal, and Zenith cross-appeals.

Zenith's complaints below alleged a scheme to create, submit, and prosecute fraudulent workers' compensation claims. Zenith also alleged that the doctor defendants worked as employees of or independent contractors for the Scheffield Medical Group ("Scheffield") and that Scheffield was a RICO enterprise. The complaints asserted two RICO damage claims, a state law damage claim, and a state law claim for injunctive relief. On July 7, 1993, Zenith filed a separate case against Dr. Michael Lam, Scheffield's owner. Prior to trial against the doctor defendants, Zenith voluntarily dismissed all its state law claims.

Pursuant to a procedure agreed to in advance by the parties, the jury returned a special verdict form with findings of fact on four issues. First, the jury found that none of the doctor defendants had participated in a scheme to defraud in violation of the mail fraud statute, 18 U.S.C. § 1962(c). Next, the jury found that four of the doctor defen-

dants—all but Dr. Tom—had entered into a conspiracy. Notwithstanding the existence of a conspiracy, however, the jury found that the doctor defendants had not caused Zenith any injury and that Zenith was not entitled to recover any damages.

After the return of the special verdict, Zenith and the doctor defendants each submitted proposed forms of judgment identifying themselves as prevailing parties for purposes of recovery of costs under Rule 54(d) of the Federal Rules of Civil Procedure. The district court ultimately signed and entered judgment on a marked-up version of Zenith's proposed form of judgment. The district court struck the language identifying Zenith as a prevailing party and inserted the following handwritten language: "There is no prevailing party. Each party to bear his or its own fees and costs." Neither side filed post-trial motions.

On April 8, 1996, the district court dismissed Zenith's lawsuit against Dr. Lam on the basis of the *res judicata* effect of the jury verdict finding no damage in the instant action.[1] The doctor defendants timely appealed the judgment of no prevailing party, and Zenith cross-appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

■ In light of the outcome of this case, it is clear that the doctor defendants, who owe no damages to Zenith and are bound by no legal findings, court orders, or even promises as a result of the litigation, prevailed in this lawsuit.[2]

The district court may have refused to name either side the prevailing party because the jury verdict found that four of the five doctors had entered into a conspiracy. The jury, however, also found that the doctor defendants had not participated in a scheme to defraud in violation of the mail fraud statute, and that the doctor defendants did

---

1. Pursuant to the doctor-defendants' motion, we judicially notice the June 24, 1996 Order issued in *Zenith Ins. Co. v. Lam, et al.,* U.S.D.C. Case No. CV 93–4016–HLH. Defendants–Appellants/Cross–Appellees' Motion to Take Judicial Notice and for Leave to File Third Supplemental Excerpts of Record is granted.

2. It is equally clear to us that Zenith, which can claim no relevant benefit from this lawsuit, whether direct or indirect, does not have a legitimate claim that it was the prevailing party. The doctor defendants won this battle, and Zenith lost it. Zenith's cross-appeal is wholly without merit.

not cause any injury to Zenith. As a result, the jury awarded no damages to Zenith.

■ To recover under civil RICO, a plaintiff must establish that it was "injured in [its] business or property by reason of a violation of section 1962 of this chapter." 18 U.S.C. § 1964(c); *see also Lightning Lube, Inc. v. Witco Corp.,* 4 F.3d 1153, 1187 (3d Cir.1993) ("In order to recover under section 1964(c) a plaintiff must plead (1) a section 1962 violation and (2) an injury to business or property by reason of such violation."). We hold that the jury determination that Zenith suffered no RICO injury establishes, as a matter of law, that the doctor defendants prevailed on Zenith's RICO claim.

■ Moreover, Zenith voluntarily dismissed its state law claims before trial. That dismissal was sufficient to confer prevailing party status on the doctor defendants for those claims. We agree with the Fifth Circuit that "[b]ecause a dismissal with prejudice is tantamount to a judgment on the merits, the defendant in this case ... is clearly the prevailing party" on the dismissed claims. *Schwarz v. Folloder,* 767 F.2d 125, 130 (5th Cir.1985); *see also All American Distrib. Co. v. Miller Brewing Co.,* 736 F.2d 530, 532 (9th Cir.1984) (under Arizona law, party that successfully defended against preliminary injunction and obtained voluntary dismissal of all other claims was entitled to prevailing party status, even though there had been no adjudication on the merits). We find *Schwarz* and *All American* applicable to the instant case, and hold that the doctor defendants prevailed on those claims dismissed by Zenith before trial.

That the doctor defendants are properly the prevailing parties here does not end the Rule 54(d) inquiry. Rule 54(d), though requiring that costs be awarded to a prevailing party "as of course," contains the caveat "unless the court otherwise directs." We have construed the rule to create a presumption in favor of awarding costs to the prevailing party. *National Info. Servs., Inc. v. TRW, Inc.,* 51 F.3d 1470, 1471–72 (9th Cir. 1995). A court may not "otherwise direct" without providing its reasons for denying costs to a prevailing party. *United States ex rel. Bartec Indus. v. United Pacific,* 976 F.2d 1274, 1280 (9th Cir.1992); *accord Schwarz,* 767 F.2d at 131; *Baez v. United States Dep't of Justice,* 684 F.2d 999, 1004 (D.C.Cir.1982) (en banc) ("Every circuit court that has considered the question (ten out of twelve) has not only recognized the presumption [in favor of granting costs], but has held that a court may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so.") (citations and emphasis omitted). Rule 54(d) "makes the award of costs to a prevailing party *automatic* in the absence of an *express direction* to the contrary by the district court." *National Info. Servs.,* 51 F.3d at 1472 (emphasis added).

■ Zenith, as the unsuccessful litigant, may overcome the presumption in favor of costs "by pointing to some impropriety on the part of the prevailing party that would justify a denial of costs." *Id.* It is not enough that an unsuccessful litigant brought its action "in good faith and without vexatious purpose," *id.* at 1471, for a district court to deny costs to the prevailing party. For this reason, we have recognized that denial of Rule 54(d) costs operates to punish the prevailing party for some impropriety during the course of the litigation. *Id.* at 1472.

We cannot, on the record before us, find any impropriety on the part of the doctor defendants sufficient to justify a denial of costs under Rule 54(d). Nevertheless, because the district court failed to explain its decision in any detail, the record before us is likely inadequate for such a determination. The district court is in the best position to determine the propriety of an award of costs; accordingly, we will remand this matter for the district court to explain its reasons for denying costs to the doctor defendants or, absent "some good reason," *Baez,* 684 F.2d at 1004, to award costs to the doctor defendants as the prevailing party in this litigation.

The district court erred in finding that neither party prevailed. Zenith's failure to establish essential elements of its civil RICO claim necessitates the conclusion that the doctor defendants were the prevailing party

for purposes of Rule 54(d). We therefore reverse the district court's decision that neither party prevailed and remand the matter with instructions to enter an amended judgment identifying the doctor defendants as the prevailing party. The decision to award costs to the doctor defendants remains in the discretion of the district court to the extent that the district court may deny costs if the doctor defendants are guilty of some misconduct sufficient to justify such a denial. REVERSED AND REMANDED.