**NELES–JAMESBURY, INC., Plaintiff,**

v.

**FISHER CONTROLS INTERNATION-AL, INC. and Fisher Service Company, Defendants.**

No. CIV. A. 94–40200–NMG.

United States District Court,
D. Massachusetts.

April 10, 2001.

R. Mark Petersen, Worcester, MA, Steven E. Lipman, Arthur I. Neustadt, Steven P. Weihrouch, Oblon, Spivak, McClelland, Maier & Neustadt, P.D., Arlington, VA, Michelle M. Hansen, R. Mark Peter-

sen, Worcester, MA, Martin M. Zoltick, Oblon, Spivak, McClell & Maier, Arlington, VA, for Plaintiff.

Marshall D. Stein, Cherwin & Glickman, Boston, MA, Kenneth B. Herman, Christopher J. Harnett, Robert W. Morris, Robert B. Wilson, Gregory S. Arovas, Fish & Neave, New York City, Jesse J. Jenner, Fish & Neave, New York City, James C. Donnelly, Jr., John O. Mirick, Mirick, O'Connell, DeMallie & Lougee, Worcester, MA, for Defendants.

### MEMORANDUM & ORDER

GORTON, District Judge.

Pending before this Court is a bill of costs filed pursuant to 28 U.S.C. § 1920 by the defendants, Fisher Controls International, Inc. and Fisher Service Company (to be collectively referred to as "Fisher"). The plaintiff, Neles–Jamesbury, Inc. ("NJI"), opposes several of the defendants' specific requests.

### I. Discussion

Under Fed.R.Civ.P. 54(d), costs other than attorneys' fees "shall be allowed as of course to the prevailing party" in a civil action "unless the court otherwise directs". A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

■■■■ The United States Supreme Court has observed that there is a presumption in favor of awarding costs to the prevailing party in a case. *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981). Consequently, the unsuccessful party bears "some burden of showing circumstances sufficient to overcome the presumption." *Baez v. United States Dept. of Justice,* 684 F.2d 999, 1004 (D.C.Cir.1982). The Court may exercise discretion when awarding the prevailing party costs and reimbursement of expenses. *See In re Fidelity/Micron Securities Litigation,* 167 F.3d 735, 736 (1st Cir.1999). If the Court denies or reduces some of the reimbursement requests, it is obligated to state reasons for its decision. *In re Two Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litigation,* 994 F.2d 956 (1st Cir.1993).

In their motion, the defendants request reimbursement for the following items:

(1) $5,495.90 for photocopying costs;

(2) $21,809.92 for court reporter fees for transcripts ($12,044.70 for deposition transcripts and $9,765.22 for hearing and trial transcripts); and

(3) $10,989 for translations of Finish language documents.[1]

NJI does not dispute the costs related to photocopying and hearing and trial tran-

---

1. Fisher appears to have made a very slight error in typing the total. The total sought by Fisher is $38,294.82, not $38, 294.84, as the line marked "Total" on the Bill of Costs indicates.

scripts. The Court will address the other requests *seriatim.*

### A. Deposition Transcripts

■ According to First Circuit precedent interpreting § 1920(2), absent special circumstances, "only those depositions actually introduced in evidence or used at trial may be taxed as costs". *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 249 (1st Cir.1985).

■ NJI urges that Fisher is not entitled to reimbursement for eight of the sixteen deposition transcripts listed in its Bill of Costs. Seven of those transcripts were of Fisher employees deposed by NJI, specifically, the depositions of Don Crowley, Allen Fagerlund, Charles Kuhlman, Perry Lipe, Michael Mason, Jerry Miller and Paul Schafbuch. NJI maintains that testimony from those depositions were read into evidence by NJI at trial because, despite NJI's listing of those individuals on its trial witness list, "Fisher refused to bring [them] to trial". NJI argues that if Fisher had brought those witnesses to the trial to give live testimony, Fisher would not be entitled to the costs of their deposition transcripts. Therefore, according to NJI, Fisher should not be permitted to obtain indirectly what it could not have obtained directly merely because it refused to allow live testimony of certain employees.

However, NJI cites no precedent in support of the idea that because a party could have theoretically avoided reading a deposition transcript into evidence at trial, it is not entitled to recover the costs for obtaining that transcript. Nor does NJI offer support for the proposition that because the deponents were Fisher employees and the transcripts were used at trial by NJI, Fisher is not entitled to reimbursement. Indeed, there is an absence of case law in support of the distinctions urged by NJI.

The standard in the First Circuit is whether the deposition was "actually introduced in evidence or used at trial" and it is clear that the seven subject depositions were introduced into evidence. Therefore, with respect to the those deposition transcripts, Fisher is entitled to recover the costs therefor.

■ With respect to the eighth, disputed deposition transcript, that of Douglas Gethmann ("Gethmann"), a Fisher employee, NJI argues that because Gethmann testified at trial, his deposition transcript was neither "admitted into evidence" nor "used at trial" as alleged. *See* Wilson Affidavit, ¶ 4(b). There is no evidence to the contrary and therefore Fisher is not entitled to recover the cost of obtaining that transcript and its cost, **$262.50,** will be **subtracted** from the amount ultimately awarded to Fisher.

### B. Translation Costs

■ The relevant statute provides for taxation of costs for the "compensation of interpreters". 28 U.S.C. § 1920(6). NJI contends that all translation costs, save one for $325 dated February 25, 1999, are not recoverable because (1) they were incurred by Fisher's counsel "long ago during discovery in aide of counsel's review of marginally relevant documents from non-party Neles OY" and (2) Fisher did not use those translations as exhibits during trial.

NJI cites no authority for its argument that a distinction may be drawn between "marginally relevant" translation costs incurred "long ago during discovery" and translation costs for documents used at trial. NJI was required to produce its Finish language documents pursuant to an order entered in this case by Magistrate Judge Swartwood. In order to understand those documents, Fisher retained the as-

sistance of a translator. According to the plain language of 28 U.S.C. § 1920(6), Fisher is entitled to recover those translation costs.

### ORDER

It is hereby ordered that the plaintiff shall be taxed as follows:

(1) $5,495.90 for undisputed photocopying costs,

(2) $21,547.42 for transcript costs (the amount sought by Fisher less the cost of the Gethmann transcript, $262.50), and

(3) $10,989 for translation costs (the full amount sought by Fisher),

for a **total** of **$38,032.32**.

**So ordered.**