**Lloyde E. HOWARD, Plaintiff,**

v.

**GROUP HOSPITAL SERVICE, an Oklahoma corporation, d/b/a Blue Cross and Blue Shield of Oklahoma, Defendant.**

No. CIV–80–733–D.

United States District Court, W.D. Oklahoma.

Dec. 28, 1984.

Donald R. Wilson, Oklahoma City, Okl., James C. Bass, El Reno, Okl., for plaintiff.

E. Bryan Henson, Jr., Tulsa, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

Upon consideration of Plaintiff's Motion For Taxing Of Costs And Attorney Fees filed herein, and after said Motion has been briefed and oral arguments heard thereon, the Court finds that said Motion should be denied in its entirety for reasons hereinafter set forth.

## COSTS

The Motion does not seek costs incurred in connection with the District Court trial as the same have been claimed, settled by the Clerk of this Court, not appealed and paid. This was affirmed at arguments.

■ The Motion does cover appellate costs. The United States Court of Appeals for the Tenth Circuit has allowed appellate costs in the amount of $65.00 and has filed with the Clerk of this Court a Statement Of Costs in that amount. The Motion under consideration claims two additional items of appellate costs in the form of $112.50 for court reporter transcript fee and $75.00 for fee paid to the Clerk of this Court for Plaintiff's Notice of Appeal. These are requested to be taxed in this Court pursuant to Rule 39(e), Federal Rules of Appellate Procedure.[1] Rule 54(d), Federal Rules of Civil Procedure, and Local Court Rule 6 govern this request procedurally. Plaintiff acknowledged at arguments that he has not filed a Bill of Costs for these two appellate items directly with the Clerk of this Court. Hence, Plaintiff has not followed the prescribed procedure to submit in the first instance to the Clerk of the

---

1. This Section reads:

    *(e) Costs on Appeal Taxable in the District Courts.* Costs incurred in the preparation and transmission of the record, the cost of the reporter's transcript, if necessary for the determination of the appeal, the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal, and the fee for filing the notice of appeal shall be taxed in the district court as costs of the appeal in favor of the party entitled to costs under this rule.

Court for taxation these items of claimed appellate costs. In these circumstances, this part of Plaintiff's said Motion should be overruled without prejudice.

At arguments Plaintiff's Counsel acknowledged that said Motion did not include a claim for costs in connection with the removal of this case from State Court; that any such costs would be included in one or more of the above cost proceedings. Therefore, there is no claim before the Court for costs under the Removal of Cases statutes, 28 U.S.C. § 1441 et seq.

### ATTORNEY FEES

Plaintiff's Motion under consideration claims attorney fees only because of the improvident removal herein. The Removal of Cases statutes, 28 U.S.C. § 1441 et seq. and particularly 28 U.S.C. § 1447(c), do not provide for the award of attorney fees should there be an improvident removal. Plaintiff's claim is based on entitlement under the "bad faith" exception to the American Rule[2] solely in connection with the improvident removal undertaken herein by the Defendant and Plaintiff also claims, in the alternative, a right to attorney fees because of the improvident removal under the inherent equity power of the Court, *Hall v. Cole,* 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973), by virtue of what may be called the "in the interest of justice" exception to the American Rule found in certain removal cases.[3]

In this case the Defendant in removing the action from State Court to Federal Court claimed federal question jurisdiction based on federal preemption of state law by certain federal statutes, extensive applicable federal regulations, the need for uniform federal decisions involving claims under Federal Employees Health Insurance

contracts and strong federal interest in what benefits are payable under such contracts. Plaintiff filed a Motion to Remand, Briefs were filed and the Court denied the Motion to Remand holding that the Court had jurisdiction for the reasons claimed by the Defendant. The Court of Appeals, 739 F.2d 1508, disagreed stating that the federal government did not have an interest sufficient to justify invoking federal question jurisdiction.

The "bad faith" exception to the American Rule requires conduct on the part of the person against whom the exception is claimed amounting to bad faith, vexatious conduct, wantonness or oppressiveness. The bad faith exception is punitive and the penalty can be imposed only in exceptional cases and for dominating reasons of justice. The showing of a weak or legally inadequate case is not sufficient to invoke the exception. Neither is a finding of negligence, frivolity or improvidence. *Cornwall v. Robinson,* 654 F.2d 685 (Tenth Cir.1981); *Schmidt v. National Organization For Women,* 562 F.Supp. 210 (N.D. Fla.1983). It is the judgment and opinion of the Court that the circumstances of this case fall far short of meeting the requirements for the invoking of the "bad faith" exception to the American Rule. The Defendant upon removing the case presented, in the opinion of this Court, a substantial federal question which the Court adopted. Though the Court of Appeals disagreed, in the totality of circumstances and in the light of a claim for attorney fees, it is not believed that the Court should invoke the "bad faith" exception in this case. Accordingly, the claim for attorney fees under this exception should be denied.

The claim of Plaintiff for attorney fees under the "in the interest of justice"

---

**2.** Under the American Rule which applies in federal courts, a party is not entitled to attorney fees unless the same are authorized by statute or provided for by contract between the parties. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). 28 U.S.C. § 1447(c) provides that the Court may order the payment of just costs in an improvident removal, but does not provide for

the recovery of an attorney's fee in such situation. No contract provision for attorney fees is claimed by Plaintiff.

**3.** See *Grinnell Bros., Inc. v. Touche Ross & Co.,* 655 F.2d 725 (Sixth Cir.1981); *Kasprowicz v. Capital Credit Corp.,* 524 F.Supp. 105 (E.D.Mich. S.D.1981).

exception to the American Rule should also be denied in the opinion and judgment of the Court.[4] The removal herein was not without substantial basis. There appeared to be a reasonable basis for federal question jurisdiction when the case was removed. The removal petition was not deceptive, nor was the removal an obviously bad removal. See *Pack v. Rich Terminal Co.*, 502 F.Supp. 58 (D.Ohio W.D.1980). It should be noted that even a recovery of court costs, though statutorily authorized by 28 U.S.C. § 1447(c) to be allowed in the discretion of the Court upon an improvident removal, has been denied unless the removal was obviously bad, *Dunkin Donuts of America v. Family Enterprises, Inc.*, 381 F.Supp. 371 (D.Md.1974), or when the removal petition presents a substantial federal question, *Turner v. Bell Fed. Savings and Loan Assoc.*, 490 F.Supp. 104 (N.D. Ill., E.D.1980), or denied when removal was close and novel, *Capital Cake Co. v. Lloyd's Underwriters*, 453 F.Supp. 1156 (D.Md.1978). It would seem that in any of these situations where court costs are denied it would logically follow that attorney fees should be denied. It is therefore the judgment and opinion of the Court that the facts and circumstances of this case under the claimed "in the interest of justice" exception to the American Rule, assuming it may be the law of our Circuit, are not sufficient to warrant the granting of attorney fees to Plaintiff. Accordingly, such claim on such ground should be denied.

There is no claim made herein for attorney fees under the common benefit or common fund exceptions to the American Rule.

Therefore, said Motion should be denied except that portion thereof seeking the taxation of certain appellate costs by the District Court should be denied without prejudice.

---

4. The Court is not satisfied that our Circuit will embrace the *Grinnell* "in the interest of justice" exception to the American Rule. In utilizing such an exception to the American Rule, *Grinnell* said the Court was not applying the "bad faith" exception but something else, namely, the "in the interest of justice" exception. It may be that the "bad faith" exception and the "common fund" exception to the American Rule both come under the umbrella of the inherent equity power of the Court and that *Grinnell* is finding yet another exception to the Rule under such inherent equity power, namely, an "in the interest of justice" exception. But our Circuit in *Cornwall* says that the only way to get attorney fees in a wrongful removal situation is under the "bad faith" exception to the American Rule. *Cornwall* teaches:

> "This statutory standard of 'improvidence' is clearly less stringent than the 'bad faith' standard that *must* be met in order for a court to award attorney's fees in cases of this nature (improvident removal)." (Emphasis added).