Jeanette PERKINS, on behalf of herself and all persons similarly situated, Annette Petite and Kizzie Leatherwood, Plaintiffs–Appellants

v.

MOBILE HOUSING BOARD, James Alexander, individually and in his capacity as Executive Director of Mobile Housing Board, et al., Defendants–Appellees.

No. 86–7744.

United States Court of Appeals, Eleventh Circuit.

June 20, 1988.

Joseph E. Carr, IV, Legal Services Corp. of Alabama, Ishmael Jaffree, Mobile, Ala., for plaintiffs-appellants.

Collins, Galloway & Smith, Thomas M. Galloway, Mobile, Ala., for defendants-appellees.

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

Before FAY, Circuit Judge, HENDERSON *, Senior Circuit Judge, and FORRESTER **, District Judge.

FORRESTER, District Judge:

In this case we are asked to consider whether the district court abused its discretion in awarding attorney's fees at the conclusion of this class action. After oral argument and a review of the parties' briefs and the record, we affirm in part and reverse in part.

## I.

### HISTORY OF THE CASE

Three tenants of public housing in Mobile, represented by attorneys of the Legal Services Corporation of Alabama, brought this class action alleging generally that the Mobile Housing Board and the other defendants conducted eviction proceedings in ways which violated the Constitution of the United States and rules and regulations of the United States Department of Housing and Urban Development. The action was brought pursuant to 42 U.S.C. § 1983. Also, one of the class representatives prayed for $25,000 in monetary damages on pendent state claims for breach of contract, for trespass, for infliction of mental distress, and for defamation. The state law claims were settled for $1,000. The trial judge found no constitutional violations but found that the procedures of the Mobile Housing Authority clearly violated HUD regulations in many respects and granted prospective relief.

The complaint as amended alleged thirteen separate claims. Plaintiffs ultimately prevailed in whole or in part on eight claims, the trial court finding that federal laws were violated. Plaintiffs did not prevail on any of their constitutional theories nor on three federal law claims. Two of the claims were solely state law pendent claims.

At the conclusion of the litigation plaintiffs' counsel filed motions for attorney's

---

** Honorable J. Owen Forrester, U.S. District Judge for the Northern District of Georgia, sitting by designation.

fees claiming an entitlement under 42 U.S.C. § 1988. The two lead counsel contended that they spent 403.65 hours in the case and requested compensation at $85 per hour plus a 100% enhancement.

The Mobile Housing Board objected to 58.8 hours of the claim and the trial court found that plaintiffs' counsel had conceded that this time was non-compensable. This reduced the hours claimed to about 344. The district court then reduced that amount to 250 total hours in the "proper exercise of billing judgment." The only specific reasons given for this further reduction were that plaintiffs' attorneys complicated and compounded the litigation by adding unnecessary plaintiffs and defendants, by propounding massive amounts of interrogatories and requests for production, and by filing a motion for partial summary judgment which was later withdrawn.

On the subject of prevailing hourly rates, the evidence before the district court showed that fees for attorneys of similar experience in *federal civil litigation* ranged from a low of $50 per hour to a high in excess of $120 per hour. One deponent who gave a range of $80 to $120 an hour thought that that range also reflected prevailing market rates for plaintiff's civil rights lawyers, but he was not sure. The district court selected $75 an hour as the prevailing rate for federal civil litigation.

The record shows that there are a number of private practitioners in Mobile who are willing to take plaintiff's civil rights cases at fees within the range just stated, but in spite of that fact one of the deponents opined that it was necessary to pay $170 an hour to attract counsel to the field. The trial court did not allow any enhancement for the contingent nature of the fee and deducted $5,000 from the total fee awarded because the class succeeded on less than all the issues and because the one class representative who had sought $25,-

000 in damages recovered only $1,000 in settlement.

## II.

## CONTENTIONS OF THE APPELLANTS

In summary, appellants contend that the district court abused its discretion in lowering the hourly rate, reducing the hours, and applying a negative enhancement of $5,000. Subsidiary contentions include the fact that the 58 hours was not conceded except for settlement purposes, that the case was not over-pled, that the hourly rate did not take into account the contingency nature of the representation, that the evidence proved a higher rate, that a court may not apply a negative enhancement for results obtained and that the results obtained were exceptional.

## III.

## CONCLUSIONS OF LAW

This court has set out its view of the present state of the law of attorney's fees in *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). That analysis shall be applied here.

### A. *Setting the Hourly Rate.*

██ The fee application in this case is inadequate. It provides the trial judge with no guidance as to the market rate for attorneys of similar skill representing similar clients in similar cases in the Mobile area. The market rate for federal civil litigation is too over-inclusive to be relevant. The record in this case demonstrates that rates vary from $50 to more than $120 per hour for federal civil litigation without any consideration of skill,[1] client, or type of case. The typical rate within the range can be artificially raised or lowered with the inclusion of quotes for work for govern-

---

1. Skill of the case attorney is not a matter which requires the production of external proof. Instead it is a matter committed to the sound discretion and judgment of the trial judge after an assessment of the attorney's performance in the case. Skill of an attorney, for purposes of comparison, may be conceived of in terms of length and type of experience, education, professional accomplishment, and professional reputation, and proof may be made in these terms when offering evidence of fees charged by attorneys of comparable skill.

ment authorities or work of great complexity involving sophisticated legal problems.[2]

■ Because the fee petition is inadequate, the district court is completely at liberty to determine the reasonable hourly rate relying on its own expertise. *Norman*, 836 F.2d 1292, 1303. It must appear, however, that in the exercise of that expertise the trial court is considering what it knows of market rates for the type of litigation at bar and is not setting a fee with reference to overly generalized motions of the total range of fees for all federal civil litigation. The district judge must reconsider the matter in the proper focus. We intimate no opinion as to what the proper fee is or that $75 an hour is not the proper fee. We require only a showing that the trial court was determining the market rate in light of the attorney's skill, the type of case, and the client.

### B. *Hours Reasonably Expended.*

■ As we said in *Norman*, a court may reduce excessive, redundant or otherwise unnecessary hours in the exercise of billing judgment. 836 F.2d at 1301. However, as we also said in *Norman*, "[i]f the court disallows hours, it must explain which hours are disallowed and show why an award of these hours would be improper." *Id.* at 1304. The trial court here identified the four activities that it thought consumed an excessive amount of time. This court has studied the time records supplied to the district court and can find only 30 to 35 hours in total expended on the activities which, according to the trial court, were the principal reasons for a 94 hour reduction in the hours claimed. To be sure, the district court suggested that there were other reasons, but the court has given us no inkling of what those reasons were and as a consequence it is impossible to review the decision. *Cf. Norman*, 836 F.2d at 1304. Accordingly, we must reverse the district court and remand the

case for reconsideration or further articulation.

During that reconsideration the district court should reconsider the Housing Authority's objections to the 58.8 hours. Before this court fee counsel represents that these hours were not conceded and so they may not be deducted unless the court determines that the profession generally would not bill at all for the type of activity or for the quantity of time devoted to the activities. *Id.* at 1306.

As we noted in *Norman*, we understand "hours reasonably expended" to be billable hours—that is, work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue. *Id.* at 1301. Sworn testimony that, in fact, it took the time claimed is evidence of considerable weight on the issue of the time required in the usual case and therefore, it must appear that the time claimed is obviously and convincingly excessive under the circumstances. In less clear cut cases where the court believes that the matter has not been handled efficiently, the court may reflect that fact by decreasing the hourly rate to the market rate charged by lawyers of less skill and experience.

As with the hourly rate we intimate no view of what figure the district court ought to set. We do note, however, that the district court and the fee opponent were concerned that a significant amount of time was billed for the work of one attorney in reviewing the work product of the other. We further note that there is some evidence in the record that practitioners in the Mobile area do not customarily bill for such duplication of effort.

### C. *Enhancement.*

■ The court did not increase the hourly rate or the award because of the contingent nature of the recovery. As we noted in *Norman*, if enhancement for contingency is ever appropriate, it is in rare cases and only where it is shown that the en-

---

**2.** It is not necessarily the complexity of the legal problem that determines the fee. More likely, it is the fact that the number of lawyers capable of dealing with such cases is relatively few, and

therefore the supply small. Where the supply is limited the practitioners can often charge higher fees.

hancement is necessary to assure the availability of counsel. *Id.* at 1302. While one witness in this case testified that such an enhancement was necessary, the facts as adduced by both parties contradict that assertion and, therefore, we affirm the district court's decision not to enhance on this basis.

 Because the district court was of the view that the results obtained in this case were partial or limited, the lodestar was reduced by $5,000. Although this was a class action case, neither the certifiability of the class nor the fact of violation of HUD regulations was difficult to establish. While the central objective of the suit—making the Mobile Housing Authority abide by HUD regulations—was accomplished, the results obtained were less than those sought, not all claims were sustained, no constitutional violations were found, the monetary recovery accepted was ⅟₂₅th of that demanded, and it is doubtful that any of the time spent on the claims which essentially allege state law violations is compensable at all.[3] The trial judge by his deduction has effected a fifteen percent deduction in the amount claimed. The amount the trial court deducted appears a minimal fee for handling the non-compensable state law claims if brought in a separate suit, and this suggests that it is ration-

al and fair. In view of the foregoing, we cannot say that the district court abused its discretion in making this adjustment and we defer to its better feeling for the case obtained by closer association over a greater period of time.

## IV.

### CONCLUSION

Because we are unable to determine whether the district court had the proper criteria in mind in selecting the hourly rate and because we are unable to determine all of the factors that informed the court in the exercise of its discretion on the hours reasonably expended, we must REVERSE and REMAND. We AFFIRM the court's deduction from the lodestar. On remand, the court shall hear and determine the appellants' request for the fees for the prosecution of this appeal.

---

**3.** 42 U.S.C. § 1988 allows for attorney's fees only in federal civil rights actions. The individual claimant's theories appear to be state law claims from the record and would not be compensable. The state law claims might implicate constitutional interests but there is no evidence that the individual claimant was a prevailing party on any theory other than state contract and tort principles.