**Lynn McKELVY, Plaintiff,**

v.

**METAL CONTAINER CORPORATION, a Delaware corporation, Defendant.**

**No. 83–522–Civ–J–12.**

United States District Court,
M.D. Florida,
Jacksonville Division.

March 6, 1989.

James C. Rinaman, Jr., Tracey I. Arpen, Jr., Linda Ingham, Marks, Gray, Conroy & Gibbs, Jacksonville, Fla., for plaintiff.

Peter Reed Corbin, John E. Duvall, Corbin & Dickinson, Jacksonville, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER REGARDING PREJUDGMENT INTEREST, COSTS AND ATTORNEY FEES

MELTON, District Judge.

This cause is before the Court on those matters reserved for further determination in this Court's Order entered January 11, 1989. The issues of prejudgment interest and certain costs on appeal are raised in plaintiff's Motion for Amended Final Judgment, filed herein on December 2, 1988, and responded to by defendant in a memorandum filed herein on December 16, 1988. Plaintiff's request for attorney fees on and after appeal spans his Motion for Attorneys Fees, filed herein on December 5, 1988, an additional affidavit filed at a hearing before this Court held on January 5, 1989, and an affidavit filed herein on January 13, 1989. Defendant raised several arguments in opposition to the merits of plaintiff's fee request, as well as this Court's jurisdiction to bear the request, in a memorandum filed herein on December

16, 1988. Defendant most recently seeks leave to file a supplemental response; however, the Court is of the opinion that defendant has had his opportunity to address the merits of plaintiff's request—and has done so—and thus will deny defendant's Motion for Leave to File a Supplemental Response to Plaintiff's Motion for Attorneys' Fees, filed herein on January 20, 1989. The three issues of prejudgment interest, costs on appeal, and attorney fees will be resolved in turn.

## PREJUDGMENT INTEREST

■ This Court originally held that plaintiff is entitled to prejudgment interest and that the rate of interest should be calculated by reference to the statutory interest rate under state law. *See McKelvy v. Metal Container Corp. (McKelvy I)*, 674 F.Supp. 827, 831–32 (M.D.Fla.1987). Because of an intervening decision of the Eleventh Circuit, *EEOC v. Guardian Pools, Inc.*, 828 F.2d 1507 (11th Cir.1987), the court of appeals vacated the award of prejudgment interest and remanded for the calculation and application of the appropriate interest rate. *McKelvy v. Metal Container Corp. (McKelvy II)*, 854 F.2d 448, 453 n. 12 (11th Cir.1988). As guidance to the determination of the appropriate interest rate, the court of appeals stated, "the interest rate for prejudgment interest on backpay awards under Title VII depends on the IRS prime rates calculated in accordance with 28 U.S.C. § 1961." *Id.* (citing *Guardian Pools*). Plaintiff proposes that this direction translates into use of the IRS quarterly rates, by the National Labor Relations Board ("NLRB") as established for use in National Labor Relations Act ("NLRA") suits in *Florida Steel Corp.*, 231 NLRB 651 (1977), *enforcement denied on other grounds*, 586 F.2d 436 (5th Cir.1978), and plaintiff's calculations are set out in a document filed herein on January 17, 1989. Defendant argues that the reference by the court of appeals to § 1961 limits the prejudgment interest rate to the statutory rate for postjudgment interest on the date of judgment, pursuant to § 1961(a), and defendant's calculations are set out in a document also filed herein on January 17, 1989.

The Court cannot agree with the more restrictive reading of *McKelvy II* outlined by defendant. The reference to § 1961 is general, not specific to § 1961(a). It is well-established that § 1961(a) applies only to the postjudgment interest rates and the prejudgment interest rate lies within the discretion of the Court. *See, e.g., EEOC v. Wooster Brush . Co. Employees Relief Ass'n*, 727 F.2d 566, 579 (6th Cir.1984). Indeed, § 1961(c)(4) disclaims that the section applies to judgments other than as specified.

The Court cannot ignore, however, the mention of § 1961 in *McKelvy II*. The reconciliation of § 1961 and the IRS prime rate is achieved in § 1961(c)(1). This subsection substitutes a different interest rate in Internal Revenue tax cases and "flips out" to 26 U.S.C. § 6621 for calculation of the interest rate in those cases. The significance of the IRS prime rate becomes apparent in this light, because prior to an amendment in 1986, the calculation of the IRS prime rate was set forth in § 6621(b). Following the 1986 amendment to § 6621, the interest rate in Internal Revenue tax cases varies according to the short-term federal rate, calculated in § 6621(b) in conjunction with 26 U.S.C. § 1274(d), plus a premium to be assessed depending on whether the case is an underpayment or overpayment suit. The Court is of the opinion that the direction from the court of appeals regarding the prejudgment interest rate is to apply the IRS method of calculation in § 6621, using the IRS prime rate prior to the time of amendment and the underpayment rate thereafter.

The preceding conclusion finds support in the reasoning of *Guardian Pools*. That opinion based the standard for an award of prejudgment interest in a Title VII case on the congressional intent to model Title VII on those afforded by the NLRA. *See* 828 F.2d at 1512. Consequently, the court of appeals adopted the NLRB's IRS prime rate method as set forth in *Florida Steel* and applied by some district courts. *See id.* In doing so, the court of appeals cited

and endorsed a district court case, *Walters v. Atlanta,* 610 F.Supp. 715, 728 (N.D.Ga. 1985), *aff'd in part, rev'd in part,* 803 F.2d 1135 (11th Cir.1986), in which the district court expressly used the method of calculation of the IRS prime rate set forth in § 6621 (before the 1986 amendment).

Because the district court judgment in *Guardian Pools* was entered in mid–1986, the court of appeals did not face the question of how the 1986 amendments to § 6621 might change the calculation of prejudgment interest. Because that opinion emphasized the link between NLRA suits and Title VII suits, and because *McKelvy II* extended this link to ADEA suits, this Court views the NLRB's method of handling the issue in NLRA suits as the best source for judicial determination of prejudgment interest in ADEA suits. The NLRB outlined its method in *New Horizons for the Retarded, Inc.,* 283 NLRB No. 181, 1986–87 NLRB Dec. (CCH) ¶ 18,750 (May 28, 1987).[1] For interest on amounts accrued prior to January 1, 1987, *Florida Steel* continues to govern to the calculation of prejudgment interest. *Id.* at 32,059 n. 14. Interest on amounts accruing on or after January 1, 1987, is computed at the short-term federal rate for the underpayment of taxes as set out in the 1986 amendment to § 6621. *Id.* at 32,058–059.

Coincidentally, the application of the *New Horizons for the Retarded* methodology yields the same figures as those submitted by plaintiff. The period from April 27, 1981, through December 31, 1986, is governed by the *Florida Steel* methodology, which plaintiff employed in his calculations. The remaining period for prejudgment interest in this case, January 1, 1987, through June 30, 1987, is calculated by reference to the underpayment rate, but that rate for the first two quarters of 1987 is identical to the interest computed under the *Florida Steel* formula. *See id.* at n. 13 (relying on figures from Rev.Rul. 86–146 & 87–23). The Court therefore adopts plain-

tiff's figures and will award $123,342.88 as prejudgment interest.

## COSTS OF APPEAL

██ Plaintiff claims entitlement to the cost of the transcript on appeal. Defendant argues that this Court lacks authority to award such costs. The Court disagrees. Pursuant to Fed.R.App.P. 39(e), "[c]osts incurred in ... the cost of the reporter's transcript, if necessary for the determination of the appeal, ... shall be taxed in the district court as costs of the appeal in favor of the party entitled to costs under this rule." The judgment and mandate issued by the court of appeals clearly awarded costs to plaintiff. Although plaintiff did not seek the transcript as costs before the court of appeals, this fact does not prejudice the present request because only this Court is empowered to tax such costs. *See Waterman Steamship Corp. v. Gay Cotton,* 419 F.2d 372, 373 (9th Cir.1969); *Volkswagenwerk Aktiengesellschaft v. Church,* 413 F.2d 1126, 1128 (9th Cir.1969).

The Court is aware that one district court has held that failure to make application to the court of appeals for Rule 39(e) costs precludes the claim. *See Howard v. Group Hosp. Serv.,* 618 F.Supp. 38, 39–40 (W.D.Okla.1984). The reasoning of this case, however, does not withstand scrutiny. To the extent that *Howard* purports to rely on Fed.R.Civ.P. 54(d), this Court is unable to find support for the proposition in that rule. A leading treatise advises that application should not be made to the court of appeals, 16 C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice and Procedure* § 3985, at 469 (1977 & 1988 Supp.), and this position is more consistent with precedent, *Rawson v. Sears, Roebuck & Co.,* 678 F.Supp. 820, 822 (D.Colo.1988). This Circuit has construed narrowly the concept of "costs" for purposes of Fed.R. App.P. 39(d). *See Seyler v. Seyler,* 678 F.2d 29, 31 (Former 5th Cir.1982); *Robinson v. Kimbrough,* 652 F.2d 458, 463 n. 7 (5th Cir. Aug. 1981).[2] Faced with a related

---

1. A recent reaffirmation of *New Horizons for the Retarded* appears in *Indianapolis Power & Light Co.,* 291 NLRB No. 145, slip op. at 2 n. 3 (Dec. 9, 1988).

2. Decisions of the former Fifth Circuit rendered prior to October 1, 1981, are binding precedent upon this Court, *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1988) (en banc), ab-

question, the Seventh Circuit expressly limited "costs" in an appellate decision to those costs taxable under Rule 39(c), excluding Rule 39(e) costs. *See Guse v. J.C. Penney Co., Inc.*, 570 F.2d 679, 681–82 (7th Cir.1978). Moreover, Rule 39(d) governs the procedure by which costs are requested from the court of appeals. It refers in terms to "such costs," implying those parts of the rule preceding the subsection, while costs of transcription appear in a subsequent subsection of the rule. *Cf. Sudouest Import Sales Corp. v. Union Carbide Corp.*, 102 F.R.D. 264, 265 (D.P.R.1984) (Rule 39(d) time limits do not apply to costs sought pursuant to 39(e)). Finally, the Advisory Committee Note for Rule 39(e) states that the listed costs "are made taxable in the district court for general convenience." This would not be the case if a party were required to apply to both the court of appeals and the district court for those costs.

■ The foregoing discussion leads back to the question whether the transcript was necessary for the determination of the appeal. Plaintiff, as appellee, was placed on notice that defendant, as appellant, intended to pursue arguments concerning the sufficiency of the evidence to support the jury's verdict and several evidentiary rulings by this Court. In this context, the Court has no difficulty finding that the transcript was necessary. The Court will direct taxation of the costs of the transcript.

## ATTORNEY FEES

By order of the Eleventh Circuit dated January 9, 1989, and filed herein on January 17, 1989, the matter of attorney fees on appeal was remanded to this Court for determination of the appropriate amount. Plaintiff's fee request breaks down as follows:

| ATTORNEYS | HOURS | RATE | FEE |
|---|---|---|---|
| Rinaman | 79.7 | $200 | $15,940.00 |
| Arpen | 69.0 | $125 | 8,625.00 |
| Ingham | 358.2 | $ 70 | 25,074.00 |
| Hoffman | 0.4 | $125 | 50.00 |
| Hoffman | 8.2 | $ 70 | 574.00 |
| Law Clerks | 18.8 | $ 55 | 1,034.00 |
| Paralegal | 6.5 | $ 35 | 227.50 |
| TOTAL | | | $51,524.50 |

The Court previously set the reasonable hourly rate of James C. Rinaman, Jr., at $200 per hour, Tracey I. Arpen at $125 per hour, other associates' time at $70 per hour, and paralegal time at $35 per hour. *See McKelvy I*, 674 F.Supp. at 830–31. The Court is presented with no reason to depart from these figures, which carry a presumption of validity following defendant's unsuccessful appeal. Neither *Norman v. Housing Authority*, 836 F.2d 1292 (11th Cir.1988), nor *Perkins v. Mobile Housing Board*, 847 F.2d 735 (11th Cir.1988), calls into question the Court's schedule of reasonable hourly rates.

Two new issues are presented regarding the reasonable hourly rate. Plaintiff suggests two different billing rates for Karen C. Hoffman. This conflict must be resolved. Additionally, plaintiff proposes to bill 18.8 hours of law clerk time at a rate lower than associates' time but higher than paralegals' time. The Court has not previously set a rate for law clerk time.

■ Regarding Hoffman, plaintiff has requested her time be compensated at both $70 per hour and $125 per hour. Nothing in the record distinguishes the two periods of representation such that the Court can justify the different levels of compensation. Since the burden is on plaintiff to demonstrate the reasonable hourly rate for his attorneys, the Court feels compelled to maintain uniformity at the lower figure.[3]

■ Regarding law clerk time, the Court cannot accept plaintiff's proposed hourly rate. As a general rule, paralegals and law clerks are compensated in attorney fee awards at roughly the same hourly rate, *see Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir.1988), and that rate has generally been less than the amount requested by plain-

---

sent a clear, contrary holding by the Supreme Court, *United States v. Andrews*, 850 F.2d 1557, 1561 n. 13 (11th Cir.1988) (en banc).

3. This is not intended in any way to reflect on the quality of representation provided by Ms. Hoffman. The Court is, however, restricted to the state of the record as submitted by plaintiff.

tiff, *see id.* ($40 per hour); *Figa v. R.V.M. P. Corp.*, 681 F.Supp. 806, 810 (S.D.Fla. 1988) ($50 per hour in Miami as found by Court); *Garrett v. Oskaloosa County*, 45 Fair Empl. Prac. Cas. (BNA) 1396, 1408–09 (N.D.Fla.1983) ($40 per hour); *In re Chicken Antitrust Litig.*, 560 F.Supp. 963, 978 (N.D.Ga.1980) ($35 per hour). The Court is of the opinion that the reasonable hourly rate for paralegal time, $35, adequately compensates law clerk time also.

Having determined the reasonable hourly rate for services, the Court is left to review the reasonableness of the charges in terms of the hours worked. Defendant levels several criticisms at the hours requested by plaintiff. Insofar as defendant's argument consists of a general and unfocused attack on excessiveness of hours claimed, the argument is unavailing. *See In re Trinity Indus., Inc.*, 674 F.Supp. 337, 341 (M.D.Fla. 1987). Defendant does, however, make several pointed arguments for the reduction in the hours to be awarded. Defendant observes that a portion of the request covers time spent in preparation of the supplemental fees motions granted by this Court in 1987. Further, at least one entry appears on its face to apply to something other than plaintiff's time spent on the appeal. Defendant additionally objects to fees claimed for time spent on appeal issues on which plaintiff was unsuccessful, specifically, reinstatement and calculation of prejudgment interest, and time spent for preparing fee requests.

▆▆▆ Addressing these concerns in reverse order, the Court notes that an award of "fees for fees" in an age discrimination suit is plainly allowable. *See, e.g., Shorter v. Valley Bank & Trust Co.*, 678 F.Supp. 714, 725–26 (N.D.Ill.1988); *Sinclair v. Insurance Co. of N. Am.*, 609 F.Supp. 397, 408 (E.D.Pa.1984), *aff'd*, 782 F.2d 1029 (3d Cir.1986). Moreover, it is black letter law that the hours spent on an unsuccessful claim must be excluded, *Hensley v. Eckerhart*, 461 U.S. 424, 440, 103 S.Ct. 1933,

1943, 76 L.Ed.2d 40 (1983), so the Court will make deductions accordingly, as set forth below. Those entries dealing with matters other than the appeal and post-appeal issues also must be excluded. This principle compels the Court to refuse an award for hours spent preparing the supplemental fee motion prior to the appeal since those hours were properly ripe for award, and review on appeal, when the Court held the hearing to award supplemental fees in August 1987.[4]

The particular disallowances which the Court must make are straightforward. As to unsuccessful issues on appeal, the Court views plaintiff's brief and reply brief on the issue of reinstatement as a discrete claim for which hours must be disallowed. The Court calculates the hours spent on those matters to be: Rinaman, 3.3 hours; Arpen, 6.3 hours; Ingham, 46.4 hours. The Court rejects defendant's suggestion to disallow hours spent on the issue of prejudgment interest, which was ultimately determined by the separate case of *Guardian Pools*, in part because the disposition of the issue on remand produced a more favorable outcome for plaintiff than this Court's original ruling. The hours disallowed for preparation of the motion for supplemental fees prior to appeal is as follows: Rinaman, 5.3 hours; Arpen, 3.5 hours; Ingham, 12.5 hours; Hoffman, 3.8 hours; paralegals and law clerks, 15.0 hours. The Court disallows 2.2 hours billed by Ingham which are described as paperwork regarding plaintiff's estate. Additionally, and finally, the Court disallows 3.1 hours billed by Ingham for preparation of plaintiff's motion before the Eleventh Circuit for permission to seek attorney fees out-of-time. It would be inequitable to impose this cost on defendant since it arose wholly from the actions of plaintiff's counsel.

After making deductions as outlined in the preceding paragraph, the Court has reviewed plaintiff's time records and finds that they constitute a reasonable expendi-

---

4. Defendant claims these hours duplicate the previous fee award. The Court's review of the records indicates that these hours have not been previously compensated. However, plaintiff's opportunity to seek compensation for this time occurred at the hearing prior to appeal, and the Court finds the application untimely now.

ture of time in successfully defending plaintiff's judgment against defendant's appeal. The Court is persuaded that multiplying the reasonable hourly rates times the remaining hours recorded by plaintiff's counsel produces a fee award that is consistent with billing judgment. The itemization of plaintiff's fee award for appeal and post-appeal work is as follows:

| ATTORNEYS | HOURS | RATE | FEE |
|---|---|---|---|
| Rinaman | 71.1 | $200 | $14,220.00 |
| Arpen | 59.2 | $125 | $ 7,400.00 |
| Ingham | 294.0 | $ 70 | $20,580.00 |
| Hoffman | 4.8 | $ 70 | $ 336.00 |
| Law Clerk and paralegal | 10.3 | $ 35 | $ 360.50 |
| TOTAL | 439.4 | | $42,896.50 |

In accordance with the foregoing, it is hereby

ADJUDGED:

1. That defendant's Motion for Leave to File a Supplemental Response to Plaintiff's Motion for Attorneys' Fees is hereby denied;

2. That plaintiff is awarded prejudgment interest in the amount of $123,342.88;

3. That plaintiff is awarded his attorney fees for the appeal to the Eleventh Circuit Court of Appeals and post-appeal proceedings in this Court in the amount of $42,896.50;

4. That plaintiff is entitled to tax as his costs on appeal the cost of the trial transcript; provided, that the Clerk of the Court shall tax said costs if plaintiff files his bill of costs within five (5) days of the date of this order, and said costs shall be taxed in a manner consistent with the procedures set forth in Fed.R.Civ.P. 54(d); and

5. That the Clerk of the Court shall enter judgment in favor of plaintiff as noted above.

DONE AND ORDERED.