**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2984

_____

| | |
|---|---|
| Ronald B. Paul, | * |
| | * |
| Appellant, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   Western District of Missouri. |
| Farmland Industries, Inc., | * |
| | *       [UNPUBLISHED] |
| Appellee. | * |

_____

Submitted: April 6, 1998
Filed: April 9, 1998

_____

Before FAGG, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Ronald B. Paul brought an unsuccessful employment action against Farmland Industries, Inc. (Farmland). Several months after this court affirmed the judgment, see Paul v. Farmland Indus. Inc., 37 F.3d 1274, 1275 (8th Cir. 1994), cert. denied, 514 U.S. 1017 (1995), Farmland filed a supplemental bill of costs under Federal Rule of Appellate Procedure 39(e) for court reporter fees incurred in obtaining a transcript for the appeal. The district court[1] awarded these costs, rejecting Paul's argument that Farmland's request was untimely under Rule 39(d). Paul appeals, and we affirm.

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

Rule 39(a) allows costs to be taxed against the appellant if the judgment is affirmed. Subdivision (c) allows the court of appeals to fix by local rule the maximum rate for "the cost of printing or otherwise producing necessary copies of briefs, appendices, and copies of records." Subdivision (d) provides in part, "A party who desires such costs to be taxed shall state them in an itemized and verified bill of costs" filed with the clerk "within 14 days after the entry of judgment." Subdivision (e) states in part, "Costs incurred in the preparation and transmission of the record, [and] the cost of the reporter's transcript, if necessary for the determination of the appeal, . . . shall be taxed in the district court as costs of the appeal in favor of the party entitled to costs under this rule."

We believe the district court correctly joined other courts in finding the phrase "such costs" in subdivision (d) refers to the costs listed in subdivision (c). See McKelvy v. Metal Container Corp., 125 F.R.D. 179, 183 (M.D. Fla. 1989) (Rule 39(d) governs procedure by which costs are requested from court of appeals; reference to "such costs" implies those parts of rule preceding subdivision (d)); see also McDonald v. McCarthy, 966 F.2d 112, 114-15 (3d Cir. 1992) (stating in dictum that reading Rule 39 in its entirety reveals time limits in Rule 39(d) apply to costs of briefs, appendices, and copies of records allowable under Rule 39(c), and that Rule 39(d)'s time limit should not be read into Rule 39(e)); Sudouest Import Sales Corp. v. Union Carbide Corp., 102 F.R.D. 264, 264-65 (D. P.R. 1984) (stating in dictum that Rule 39(e) says nothing about time limit). We also believe the district court correctly reasoned that subdivisions (c) and (e) refer to different types of costs that are to be requested in different courts. See Waterman S.S. Corp. v. Gay Cottons, 419 F.2d 372, 373 (9th Cir. 1969) (cost of reporter's transcript for appeal is taxable in district court); 16A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3985.1, at 672-73 (2d ed. 1996) (costs listed in Rule 39(e) are taxable only in the district court and "prevailing party should make a separate application to the district court after the mandate has been received from the court of appeals"). Furthermore,

we construe subdivision (e)'s language "costs under this rule" to refer to subdivision (a)'s provisions as to whom costs are allowed.

For these reasons we agree with the district court that the fourteen-day time limit of subdivision (d) does not apply to costs taxed in the district court under subdivision (e), and we see no abuse of discretion in the district court's determination that the timing of Farmland's request was reasonable. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.